### RING & WELLBORN v. WHITMAN.

(Filed 16 November, 1927.)

**1. Constitutional Law—Federal Constitution — Judgments — Faith and Credit—Fraud.**

The provisions of the Federal Constitution requiring that a State shall give full faith and credit to the judicial proceedings of every other State, Article IV, sec. 1, does not preclude the inquiry as to whether the judgment in question is impeachable for fraud in certain instances.

**2. Same—Trials—Estoppel.**

Where a judgment of another State is sued on in this State, the courts will not inquire into matters of fraud or other defense which were within the scope of the inquiry of the action in which the judgment had been rendered.

**3. Same—Questions of Law—Trials.**

An allegation that plaintiff procured the judgment in another State sued on here, in a form and manner to obtain a judgment by default when there were no facts to warrant the action, is tantamount to saying that the judgment was erroneous in law, within the purview of the action brought therein.

**4. Process—Service—Lunacy—Judgments — Constitutional Law — Faith and Credit.**

Where judgment by default for want of an answer has been rendered in another State, it is insufficient to set it aside here for lack of service of summons, that the defendant had been confined in an asylum under an inquisition of lunacy, when it is further made to appear that he had been discharged and was in his right mind when the summons in the action was served upon him, and had employed an attorney to defend the suit, who did not file the answer, in consequence of which the default judgment had been entered.

APPEAL by defendant from *Clayton Moore, Special Judge,* at June Term, 1927, of FORSYTH.

In a Circuit Court held for Grayson County, Virginia, in 1925, the plaintiffs recovered a judgment against the defendant for $842.42 with interest thereon at 6 per cent from 27 July, 1922, and on 10 March, 1927, they brought suit against the defendant on this judgment in the Forsyth County Court. No answer was filed, and on 25 April, 1927, the clerk gave judgment by default final. On 21 May, 1927, the judge of the county court set aside the clerk's judgment on the ground of excusable neglect. The plaintiffs excepted and appealed to the Superior Court and the judgment of the county court was reversed. The defendant excepted and appealed for alleged errors referred to in the opinion.

*William H. Boyer and F. L. Webster for plaintiffs.*
*Benbow, Hall & Benbow and E. M. Whitman for defendant.*

ADAMS, J. The Federal Constitution provides that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. Const., Art. IV, sec. 1. But this provision does not prevent an inquiry whether the judgment sued on is impeachable for fraud. *Cole v. Cunningham,* 133 U. S., 112, 33 Law Ed., 538; *Mottu v. Davis,* 151 N. C., 237. The appellant alleges that the action in the Virginia Court was fraudulent because it was brought "in a form and manner to obtain judgment by default against defendant although there were no facts to warrant any such action." This is tantamount to an allegation that the judgment rendered in Virginia was erroneous in law; but it was held in *Fauntelroy v. Lum,* 210 U. S., 230, 52 Law Ed., 1039, that a judgment cannot be impeached by showing that it was based on an error of law. And in *Williamson v. Jerome,* 169 N. C., 215, it is said: "The courts of this State will not vacate or enjoin a judgment merely based upon a cause of action, which may be vitiated by fraud, for this is a valid defense which may be interposed at the trial; and unless its interposition is prevented by the fraud of the adversary, it cannot be asserted against a judgment either foreign or domestic. Black on Judgments, sec. 919, and cases there cited." The defendant had been personally served with summons and was given every opportunity to present to the Circuit Court of Grayson County the defense he now seeks to interpose.

This principle applies also to his contention that he has a valid counterclaim to the cause of action and that no copy of the account was served on him as required by section 6132 of the Code of Virginia. It may be said in addition that as we understand the declaration the action was laid in assumpsit to which the succeeding section would apply.

35—194

The appellant further relies on an inquisition of lunacy under which he was committed to the hospital in Morganton. The record shows that the inquisition was made in June, 1923, and that the defendant was discharged on 8 August, 1924. He was personally served with summons in the present action on 10 March, 1927, and employed an attorney; but the attorney filed no answer because in his opinion the appellant did not have "a leg to stand on." Judgment

Affirmed.