JEANETTE KUTNERIAN, an Infant, by her Guardian ad Litem, GEORGE KUT-NERIAN, et al., Respondents, v. RAY SAGUI, Respondent; JOHN C. HANSSLER, Appellant, et al., Defendants.— The consolidation of the Supreme Court passenger actions brought against the owners and operators of the two vehicles with the Municipal Court action instituted by the subrogee insurance company to recover on a small property damage claim paid by it would be prejudicial to the appellant. It is not clear from the record but it is assumed from certain allegations in the pleadings that the respondent insurance company has been subrogated to the rights of an absentee owner. The right of the company to recover would be determined by a finding of negligence on the part of the opera-tor of the Sagui automobile. It appears that this would be a proper case for the parties to stipulate that the personal injury actions proceed to trial without reference to the property damage claim and upon rendition of the verdicts in such actions the property damage action be determined by such verdict and the parties, if necessary, proceed to an assessment of damages. If such a stipulation is filed within ten days from this date the order is affirmed, without costs. If such a stipulation is not filed, the order appealed from is unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied, but in the exercise of discretion the trial of the Municipal Court action is stayed until the final termination of the Supreme Court action. Settle order on notice. Concur — Peck, P. J., Callahan, Breitel, Bastow and Rabin, JJ.

■

BETTY PRESBERG, Appellant, v. CY PRESBERG, Respondent.— Order unani-mously reversed, with $20 costs and disbursements to the appellant, and the motion denied. In the circumstances, including the short interval since the date of the judgment of separation, modification of judgment by reducing the alimony from $30 to $25 per week was not justified. There is no warrant in the papers for relitigating issues as to financial status after final judgment, nor is there persuasive or sufficient evidence to show that defendant's position has been adversely changed for reasons beyond his control. Concur — Peck, P. J., Callahan, Breitel, Bastow and Rabin, JJ.

■

FREDERICK WAGNER, Appellant, v. CITY OF NEW YORK, Respondent.— Judg-ment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Callahan, Breitel, Bastow and Rabin, JJ.

■

In the Matter of the Arbitration between DAVID LIVINGSTON, as President of District 65, Retail, Wholesale, Department Store Union, CIO, Respondent, and HALE-NASS CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Callahan, Breitel, Bastow and Rabin, JJ.

■

ANHEUSER-BUSCH, INC., Respondent, v. BREWERY WORKERS LOCAL 1059, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA (A. F. OF L.), et al., Appellants, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Callahan, Breitel, Bastow and Rabin, JJ.