(January 22, 1963)

ELSIE GAGLIARDI, Respondent, v. JAMES GAGLIARDI, Appellant.

*Per Curiam.* Defendant husband appeals from an order granting his motion to modify permanent alimony payable to his wife under judgment of separation granted in 1948. Twice, since 1948, the judgment was modified on defendant husband's application to reduce the rate of alimony payable. He now complains that the amount of $22 per week was reduced to only $20 although he claimed a substantial decline in income as a result of arthritis which partially disabled him during the year. The wife admits to having a position that pays her approximately $100 per week, but she argues that defendant does not support his conclusory assertions. The husband argues that he should have had a hearing in the light of the disputed issues and that the court also improperly conditioned the reduction on the payment of arrears of some $94 or $96.

The papers submitted by both parties are insufficient. They fail to disclose the details and circumstances upon which a court may determine, assuming the assertions to be true, what should be the disposition or whether a hearing on disputed issues is necessary. Indeed, so much is left unsaid that the existence of genuine issues of fact is not established.

The husband, at the very least, should have supported his affidavit with documentation obtained from his employer or from other sources showing the actual decline in income and sufficient detail to show whether or not the decline was likely to continue. He also was obligated to disclose what was the general situation with regard to his assets, with documentation, if such is available, and if not, with explanation as to why such documentation is not available.

The wife, on the other hand, makes no attempt to indicate her needs or to show to what extent her needs have been substantially affected by the marriage of her daughter, a circumstance upon which the husband relies heavily. At the same time the wife makes broad assertions concerning the husband's private life, but without detail or corroboration.

The substantive principles governing the level of marital support and applicable lines of inquiry are discussed in *Hunter* v. *Hunter* (10 A D 2d 291, 295–296) and in *Phillips* v. *Phillips* (1 A D 2d 393). The burden on movant is greater after judgment (*Presberg* v. *Presberg*, 285 App. Div. 1134; 18 Carmody-Wait, New York Practice, pp. 595–597).

Particularly, in marital disputes, or postmarital disputes, in which inordinate motivation and emotional pitch are likely, it is incumbent upon the litigants to make a showing by affidavit before invoking the more involved hearing processes of the court. Of course, the husband as the moving party has the initial burden.

Accordingly, the order on defendant husband's motion for modification of permanent alimony to the extent appealed from should be affirmed, without costs to either party, but without prejudice to defendant husband making a new motion with respect to prospective alimony on papers complying with the requirements discussed.

Botein, P. J., Breitel, Valente, Eager and Steuer, JJ., concur.

Order, entered on August 30, 1962, unanimously affirmed, without costs to either party, but without prejudice to defendant husband making a new motion with respect to prospective alimony on papers complying with the requirements discussed.