■ DANIEL RUBIN, an Infant, by His Father and Natural Guardian, HERBERT RUBIN, et al., Appellants, v. VIRGINIA O'DONNELL, Respondent.— In a negligence action to recover damages for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered October 31, 1969, in favor of defendant upon a jury verdict at a trial of the issues of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered. Over objection, defense counsel was permitted to introduce into evidence a police accident report made after the accident by an officer who was not an eyewitness and based upon information given to him. This was hearsay and inadmissible under *Johnson* v. *Lutz* (253 N. Y. 124). That portion of the trial court's charge to the jury relating to an understanding of sections of the Vehicle and Traffic Law by an infant five years and ten months of age was also prejudicial error (*Dugan* v. *Dieber*, 32 A D 2d 815). Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur.

■ MARY SALVATI, Respondent, v. FRANK J. SALVATI, Appellant.— In an action in which plaintiff was granted a judgment of divorce, defendant appeals from an order-judgment of the Supreme Court, Westchester County, dated April 23, 1971, which granted plaintiff's motion, pursuant to section 244 of the Domestic Relations Law, for a judgment for arrears of support payments directed in the divorce judgment to be paid by defendant. Order-judgment reversed, on the law, without costs, and case remanded to the Special Term for a hearing and a new determination. In view of the issues of fact present on the face of the submitted affidavits, it was an improvident exercise of discretion for Special Term to grant plaintiff summary judgment. The issues to be considered are (1) whether plaintiff's delay in making her motion was justified, (2) whether plaintiff's relatives' support of the parties' infant children was with a view towards reimbursement and (3) if it be decided that plaintiff is entitled to a judgment for arrears, what the proper amount of the arrears should be. Rabin, P. J., Munder, Shapiro, Gulotta and Brennan, JJ., concur.

■ STATE OF NEW YORK, Respondent, v. TOWN OF HUNTINGTON, Appellant.— Order of the Supreme Court, Suffolk County, dated April 12, 1971, affirmed, with $10 costs and disbursements, upon the opinion of Mr. Justice DeLuca at Special Term. Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur. [67 Misc 2d 875.]