H & B COMPANY OF STATESVILLE, PLAINTIFF

— v. —

ROBERT C. HAMMOND AND WIFE, MYRTLE WINSTON HAMMOND AND ROBERT C. HAMMOND, PRESIDENT OF INDUSTRIAL BUILDING CORP., DEFENDANTS

— AND —

JAMES C. MESSICK AND WIFE, HAZEL K. MESSICK, INTERVENING DEFENDANTS

No. 7322SC2

(Filed 14 March 1973)

1. Laborers' and Materialmen's Liens § 8; Judgments § 6; Rules of Civil Procedure § 60— failure to make default judgment a specific lien — amendment — innocent third parties

Where plaintiff filed an action seeking a money judgment for materials furnished for the improvement of property owned by defendants and seeking to have the judgment declared a lien upon property described in a notice of lien previously filed by plaintiff, but a default judgment entered in the action did not include a provision declaring it to be a specific lien upon such property because the secretary of plaintiff's counsel who prepared the default judgment failed to include that provision, the trial court had no authority to allow plaintiff's motion under Rule 60 "to correct" the judgment to make

**H & B Co. v. Hammond**

it a specific lien on defendants' property so as to affect adversely the rights of innocent third parties since (1) plaintiff was not seeking relief from a judgment within the meaning of Rule 60(b) but was attempting to have its rights under the judgment extended, and (2) the omission was not a clerical mistake subject to correction pursuant to Rule 60(a).

2. **Laborers' and Materialmen's Liens § 8; Judgments § 6— attorney's failure to make default judgment a specific lien — amendment — equity — innocent third persons**

   Where the rights of innocent third persons would have been adversely affected, equitable principles did not require the court to amend a default judgment to make it a specific lien against property of defendants described in a notice of lien previously filed by plaintiffs on the ground that plaintiffs should not be penalized for the mistake of their counsel in failing to include such provision in the default judgment.

3. **Laborers' and Materialmen's Liens § 8; Registration § 3— notice of claim of lien — enforcement — title examination**

   An attorney examining the title to property located in Davie County is under no duty to examine the records of all counties in the State to ascertain whether an action had been brought in any of those counties to enforce a notice and claim of lien filed against the property.

4. **Laborers' and Materialmen's Liens §§ 4, 8; Registration § 3— default judgment — amendment to make specific lien — constructive notice**

   Default judgment on file in Davie County did not constitute constructive notice that it was subject to be amended to make it a specific lien against property described in a notice and claim of lien previously filed by plaintiff in that county.

APPEAL by intervening defendants from *Kivett, Judge,* 20 March 1972 Session of Superior Court held in IREDELL County.

On 28 August 1970, plaintiff filed in the office of the Clerk of the Superior Court of Davie County a Notice and Claim of Lien in the sum of $2,227.97 for materials allegedly furnished for the improvement of real property owned by the original defendants, Robert C. Hammond and wife, Myrtle Winston Hammond. The notice alleged that materials were furnished during May 1970 and from time to time through 12 June 1970 pursuant to a contract entered by Robert C. Hammond, individually and Robert C. Hammond as President of Industrial Building Corporation. The property described in the notice is located entirely in Davie County.

No action to perfect the lien was ever filed in Davie County; however, on 24 November 1970 plaintiff filed suit

against original defendants in the Superior Court of Iredell County seeking (1) a money judgment for $2,227.97, with interest from 12 June 1970 until paid, and (2) to have the judgment declared a lien upon the property described in the notice filed in Davie County; for execution to issue against the property, and for the property to be sold with the proceeds therefrom to be applied to the payment of the judgment.

The record indicates that summons was returned by the Sheriff of Iredell County with a notation that defendants "could not, after due and diligent search be found in this County." On 8 December 1970, an attorney of the Iredell County Bar purported to accept service for defendants, as their attorney.

On 7 December 1970, the action was transferred by a court order to the Superior Court, pursuant to G.S. 7A-259 (b). No answer or other pleading was filed by original defendants, and at plaintiff's request, the clerk entered a judgment by default on 19 January 1971. Except for the preamble, the sole content of the judgment is as follows:

"IT IS NOW, THEREFORE, ORDERED that the plaintiff recover of the defendants the sum of TWO THOUSAND TWO HUNDRED TWENTY-SEVEN and _____ 97/100 ($2,227.97) DOLLARS, with interest from June 12th, 1970, at the rate of 6% per annum until paid in full, together with the costs of this action.

This the 19th day of January, 1971."

The above judgment was transcribed to Davie County and docketed there on 22 January 1971. Execution was thereafter issued and returned unsatisfied with the notation: "Subject is living in Florida."

The original defendants defaulted in payments required under a deed of trust executed by them 21 July 1970 to the Federal Land Bank of Columbia and recorded in the Davie County Registry on 4 August 1970. The deed of trust, which covered the property described in the lien notice, was foreclosed. The Federal Land Bank purchased the property, and its deed from the trustee, dated 15 June 1971, was recorded in the office of the Register of Deeds of Davie County on 24 June 1971. On 28 July 1971, the Federal Land Bank, for valuable consideration, executed a deed to the property to the intervening defend-

**H & B Co. v. Hammond**

ants. This deed was recorded in the office of the Register of Deeds of Davie County on 2 September 1971.

On 6 December 1971, plaintiff filed a motion in the Superior Court of Iredell County alleging that "through oversight or omission" the default judgment entered against defendants on 19 January 1971 " . . . failed to direct a sale of the real property subject to the lien thereby enforced as required of a judgment enforcing a lien by N.C.G.S. 44A-13(b)." Plaintiff sought through the motion to have the judgment " . . . corrected pursuant to Rule 60 of the N. C. Rules of Civil Procedure so as to order *that said judgment be declared a lien on the property described in plaintiff's Notice and Claim of Lien. . . .* " The motion was denied by Judge Collier on 17 December 1971. However, on 28 January 1972, Judge Collier allowed a motion by plaintiff for a rehearing and ordered the rehearing held before Judge Kivett. No notice was given to intervening defendants of this motion.

On 20 March 1972, an order was entered allowing the motion of James C. Messick and Hazel K. Messick to intervene as parties defendant.

At the rehearing a secretary employed by plaintiff's counsel testified that she was instructed by an associate in the firm to prepare a default judgment granting those things specifically prayed for in the original complaint. She did not recall which attorney instructed her, but she did recall that the judgment was not dictated but was prepared solely by her and was delivered by her to the Clerk of Superior Court of Iredell County after one of the attorneys with the law firm had checked it. She stated that sometime later she learned that she had failed to include in the judgment a provision declaring the judgment to be a specific lien upon the property described in the notice of lien on file in Davie County.

The court made findings consistent with the facts set forth above and concluded "as a matter of law and in its discretion" that plaintiff was entitled to relief pursuant to G.S. 1A-1, Rule 60(b). Based upon this conclusion, the court ordered the default judgment amended to provide that it is a lien upon the property described in plaintiff's Notice and Claim of Lien filed in Davie County; that execution issue against the property; that the property be sold according to law, and that the proceeds therefrom be applied to the payment of the judg-

ment and costs of this action. The intervening defendants appealed.

*Collier, Harris, Homesley & Jones by Edmund L. Gaines for plaintiff appellee.*

*Chamblee & Nash by Fred Chamblee for intervening defendant appellants.*

GRAHAM, Judge.

[1] In moving "to correct" the default judgment entered on 19 January 1971, plaintiff was not seeking relief from the judgment pursuant to G.S. 1A-1, Rule 60(b) which allows a court to "relieve" a party or his legal representative from a final judgment under certain circumstances. The default judgment was in no way adverse to plaintiff, and rather than seeking to be relieved from its operation, plaintiff was attempting to have its rights under the judgment extended to include additional and entirely different relief. In allowing plaintiff's motion, the court amended the judgment so as to make it a specific lien against the property now owned by appellants. Appellants acquired title to the property without any notice that it was, or might become, subject to a lien superior to the interest which they acquired. In our opinion, plaintiff was not entitled to any change in the judgment which would adversely affect the intervening rights of innocent third parties and we therefore reverse the court's judgment allowing plaintiff's motion.

Plaintiff contends that the omission was simply a clerical mistake that was subject to correction pursuant to Rule 60(a). This rule provides in pertinent part that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders."

The amendment to the judgment allowed here is much more extensive than a mere technical correction such as contemplated by Rule 60(a). Rule 60(a) simply codifies the body of law in existence in this State at the time the new rules of civil procedure were adopted. 2 McIntosh, N. C. Practice 2d, § 1711 (Phillips Supp. 1970). While courts have always had the inherent authority to correct clerical errors or errors of expression in a judgment, they have never been deemed to

have the authority, outside of a term, to correct an error in decision, or to amend a judgment so as to adversely affect the rights of third parties. *See* 2 McIntosh, N. C. Practice 2d, § 1711. It is noted that under the present rules of civil procedure a motion to alter or amend a judgment must be served not later than ten days after the entry of the judgment. G.S. 1A-1, Rule 59(e).

[2, 3] Plaintiff says the amendment is required by equitable principles and points to Rule 60(b)(6) which permits the court to relieve a party from a final judgment for any reason justifying relief. In support of this contention plaintiff argues that it should not be penalized for the mistake of its counsel in failing to apply to the clerk for all of the relief prayed for in the complaint. To so hold, however, would be to say that it is the appellants who should be penalized for the mistake of plaintiff's counsel. Equity here weighs heavily on the side of appellants. The money judgment on record in Davie County at the time intervening defendants' deed to the property was recorded did not affect the interest which they were acquiring. While a Notice and Claim of Lien against the property was also on file in Davie County, the record there indicated that no action to perfect the lien had been brought in that county within the time required by G.S. 44A-13(a) (Supp. 1971), which also provides that "[a]n action to enforce the lien created by this article may be instituted in any county in which the lien is filed." Certainly, an attorney examining the title to the property acquired by appellants would have been under no duty to examine the records of all counties in the State to ascertain whether an action had been brought in any of those counties to enforce a notice and claim of lien filed against property located solely in Davie County.

[4] Plaintiff's contention that the default judgment on file in Davie County should have placed appellants on notice that it was subject to be amended so as to make it a specific lien against the property in question is without merit. It is true that the Notice and Claim of Lien filed against the property in Davie County on 28 August 1970 was for the almost identical monetary amount awarded in the judgment. Even if this should have suggested that the judgment was for the same debt as that claimed in the notice of lien, it does not follow that anyone should have been put on constructive notice that plaintiff was also entitled to have the judgment declared a specific lien upon

the property. Parties often seek a specific lien on real estate when they are entitled to a money judgment only. Indeed, plaintiff's Notice and Claim of Lien suggests this to be the case here. The notice specifically alleges that the materials furnished by plaintiff were furnished original defendants pursuant to "an entire and indivisible contract made and entered into by Robert C. Hammond, individually, and Robert C. Hammond as President of Industrial Building Corporation. . . ." The property against which the notice was filed was owned by the original defendants as tenants by the entireties. If the wife were not also a party to the contract which allegedly was entered by the husband and a corporation, plaintiff would not be entitled to have a lien enforced against the property. *Leffew v. Orrell,* 7 N.C. App. 333, 172 S.E. 2d 243.

The case comes down simply to this: The default judgment, obtained by plaintiff in Iredell County on 19 January 1971 and subsequently docketed in Davie County, constituted only a general lien against all of the real property owned by original defendants in Davie County. It was subject to prior liens, including the lien of the deed of trust to Federal Land Bank of Columbia recorded 4 August 1970. Consequently, when appellants' deed to the property was recorded in Davie County, there was nothing on record in that county to indicate that plaintiff's judgment was or could become a specific lien which would relate back to a date preceding the recording date of the deed of trust and become superior to the interest appellants acquired in the property by deed. Appellants were entitled to rely upon the records as they then existed in Davie County.

Reversed.

Judges CAMPBELL and BROCK concur.