◼ THEODORE R. SAYERS et al., Respondents, v 510 PARK AVENUE CORPORATION, Appellant.—Order and judgment entered in the Supreme Court, New York County, on April 18, 1975 and April 29, 1975, respectively, awarding partial summary judgment to plaintiffs and dismissing defendant's second affirmative defense and second counterclaim, unanimously affirmed, with one bill of $60 costs and disbursements of this appeal to respondents. As a result of a default by plaintiffs, former owners of a co-operative apartment under a proprietary lease, said lease was terminated and plaintiffs thereafter evicted. Following repossession, defendant co-operative corporation sold the apartment for $75,000 and, after computing expenses in the amount of $48,255.63, offered plaintiffs the sum of $26,744.37 conditioned upon delivery of a general release by plaintiffs in defendant's favor. Plaintiffs refused the requested release and brought this action to recover the proceeds of the sale. In defense, defendant alleged that charges and offsets existed in the amount of $48,255.63. In addition, defendant claims that it necessarily incurred legal fees in the estimated amount of $10,000 attendant to this present action. We find that Special Term was correct in holding that no triable issue existed as to the $26,744.37 and directing judgment in plaintiffs' favor in that amount and, as to the validity of the claimed charges and offsets, triable issues remained, necessitating a remand for resolution thereof. The second affirmative defense and second counterclaim were properly dismissed. Reimbursement of landlord's attorney's fees, as required under the proprietary lease based upon tenants' default, was not intended to apply to the defense of an action based on the landlord's refusal to pay over the proceeds from the sale of plaintiffs' property. Concur—Markewich, J. P., Kupferman, Murphy, Tilzer and Nunez, JJ.

◼ MARY F. COMERFORD, Respondent, v ROLAND R. COMERFORD, Appellant.—Judgment, Supreme Court, New York County, entered on June 30, 1975, adjudging defendant to be in contempt of court for "wilfully" disobeying a prior order requiring him to make payments of $40 per week for the support and maintenance of the children of the parties, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, and matter remanded for a hearing on the issue of whether defendant "is financially unable to comply with such order" (Domestic Relations Law, § 246, subd 3). Defendant has asserted his financial inability to comply with the directions of the support order, while at the same time calling attention to his wife's wealth as well as the existence of trusts for the benefit of the parties' children. Accordingly, even though the affidavits which defendant submitted at Special Term are somewhat factually deficient, it is clear that no one will suffer by virtue of the hearing directed and that the interests of justice will be served thereby. Concur—Markewich, J. P., Lupiano, Tilzer, Capozzoli and Lane, JJ.