■ DOROTHY J. PECUKONIS, Respondent, v EDMUND PECUKONIS, Appellant.—Appeal from an order of Supreme Court at Special Term, entered February 27, 1975 in Rensselaer County, which granted plaintiff's application for judgment for arrears and from the judgment entered thereon. Plaintiff secured a divorce from defendant in New York in 1970. That decree provided, *inter alia,* that defendant pay $25 per week as alimony and $25 per week for each of five children. Defendant was also responsible for the medical and dental bills of the children. By order to show cause, the plaintiff moved pursuant to section 244 of the Domestic Relations Law for judgment for alleged arrears. The moving papers contained the affidavit of service on the defendant husband, an attorney's affidavit, the plaintiff wife's affidavit and a ledger detailing the amounts due, payments made and the arrears. Subsequent to the return date of the motion, the defendant submitted an affidavit asserting "a defense to at least part of the amount claimed by the plaintiff (wife)" and that "There are many factors and extenuating circumstances * * * which can best be aired at a full hearing on the facts". The defendant husband's attorney requested that the matter be referred to Family Court. Special Term found that the defendant husband had failed or neglected to interpose any defense or setoff and granted summary judgment to the plaintiff wife for the amount of the arrears, with counsel fees. Section 244 of the Domestic Relations Law was designed to eliminate the burden of plenary or protracted litigation to enforce the wife's established rights under a matrimonial decree. It is intended to afford summary relief for the nonpayment of alimony *(McCanliss v McCanliss,* 268 App Div 138). It is, in effect, a motion for summary judgment *(Salvati v Salvati,* 37 AD2d 858). Therefore, if there are material issues of fact, judgment cannot be granted *(Poitier v Poitier,* 42 AD2d 645; *Salvati v Salvati, supra).* In the instant proceeding, it was incumbent upon the moving party to present evidentiary facts showing the validity of her contentions and that there was no defense. This she did. Conversely, the defendant husband was required to present facts having probative value sufficient to demonstrate an unresolved, material issue, which could be determined only by a plenary hearing. He failed to do so. Conclusory allegations are insufficient *(Blake v Gardino,* 35 AD2d

1022, affd 29 NY2d 876). The cases cited by defendant do not support his contentions. Order and judgment affirmed, with costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.