■ STANLEY SINGER, Appellant, v FRANCES SINGER, Respondent.—Order entered in Supreme Court, New York County, November 13, 1975, adjudging appellant to be in contempt, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs and without disbursements, and the matter remanded to Special Term for a hearing on appellant's ability to comply with the judgment requiring him to make alimony and child support payments. The parties were divorced on March 14, 1974. The judgment incorporated a separation agreement which provided for alimony and child support payments. The separation agreement further provided that if the husband's annual income should fall below $15,000, or if it should exceed $35,000, the payments were to be renegotiated through the process of arbitration. Payments were duly made through December, 1974. It is not disputed that on December 9, 1974 appellant-husband, at age 58, was discharged from his position where he earned approximately $35,000 per year. No alimony payments were made in 1975 and his wife moved to punish him for contempt. In opposition, appellant submitted an affidavit detailing his financial inability to comply with the judgment. The court erred in summarily granting the motion to punish appellant for contempt. The affidavits demonstrated a genuine issue as to whether appellant is able to abide by the terms of the judgment. Due process requires that a hearing be held before one can be adjudged in contempt *(Comerford v Comerford,* 49 AD2d 818; *Pirotta v Pirotta,* 42 AD2d 715; *Shkolnik v Shkolnik,* 41 AD2d 523; see *Agur v Wilson,* 498 F2d 961, 965; *Vail v Quinlan,* 406 F Supp 951). Moreover, appellant's income for 1975 may now be determined and, if it is below $15,000, the arbitration provision

of the separation agreement should be enforced *(Hirsch v Hirsch,* 37 NY2d 312; *Storch v Storch,* 38 AD2d 904). Either party should, therefore, have leave to commence arbitration proceedings on a showing that the separation agreement income provisions are applicable to the alimony arrears owed for 1975. Concur—Kupferman, J. P., Lupiano, Birns, Silverman and Nunez, JJ.