CAROL C. McGINNIS v. KERMIT D. McGINNIS

No. 7926DC142

(Filed 8 January 1980)

**1. Appeal and Error § 16— abandonment of appeal—jurisdiction of trial court**

　　Defendant's notice of appeal from the trial court's order which vacated an earlier order did not divest the trial court of jurisdiction to enter further orders in the cause, since defendant's failure to perfect his appeal by the time judgment was entered almost three months later constituted an abandonment which reinvested the court with jurisdiction to render further orders in the cause.

**2. Appeal and Error § 6.2— interlocutory order affecting substantial right—appealability**

　　An order granting plaintiff's claim for $4225 in alimony and child support arrearages and granting full faith and credit to a New York decree imposing a continuing support obligation affected a substantial right of defendant and was reviewable by virtue of G.S. 1-277 and G.S. 7A-27(d), even though the trial court's order did not determine all the issues raised in the action.

**3. Divorce and Alimony §§ 21.8, 26.1— foreign decree—defect in authentication waived**

　　In an action to enforce a New York decree awarding child support and alimony to plaintiff, defendant waived any defect in authentication of the foreign judgment where plaintiff attached a copy of it to her complaint, and defendant, in his answer, admitted that the attached order was filed in the New York action.

**4. Divorce and Alimony §§ 21.8, 26.1— foreign alimony and child support order—defendant given notice and opportunity to be heard**

　　There was no merit to defendant's contention that a New York court issued an alimony and child support decree without giving him notice and an opportunity to be heard on the matter, thereby depriving him of his constitutional right to procedural due process, since defendant was personally served with process, filed pleadings and supporting documents in the New York court, and was given a reasonable opportunity to be heard.

**5. Divorce and Alimony §§ 21.8, 26.1— foreign alimony and child support order—defendant in contempt—no full faith and credit**

　　The portion of a New York alimony and child support decree which adjudged defendant in contempt and ordered his incarceration was properly denied full faith and credit recognition by the N. C. district court.

**6. Divorce and Alimony § 21.8— foreign alimony order—constitutionality of alimony statute—question improperly raised**

　　In an action to enforce a New York decree awarding child support and alimony to plaintiff, defendant could not properly raise a question as to the constitutionality of the New York statute providing for awards of alimony and

counsel fees, since the question was not raised in any of the pleadings or other papers filed in the New York action, nor was there any ruling by the New York appellate courts on the issue.

**7. Divorce and Alimony §§ 21.8, 26.1— alimony and child support—foreign decree—full faith and credit—determination without evidentiary hearing**

In an action to recover arrearages due under an alimony and child support decree entered in New York, the trial court did not err in denying defendant's oral motion for evidentiary hearings, since the court had before it the pleadings of the N. C. and N. Y. courts and memoranda of law submitted by both parties; the issue of full faith and credit enforcement of the N. Y. judgment for arrearages presented no question of fact; and the court acted properly in resolving that issue as a matter of law.

APPEAL by defendant from *Saunders, Judge.* Orders entered 25 August 1978 and 28 November 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals 24 September 1979.

This action was brought in district court in Mecklenburg County by plaintiff, a resident of Albany, New York, against defendant, her former husband, a resident of Mecklenburg County, seeking full faith and credit enforcement of certain New York decrees relating to alimony and child support. Plaintiff also sought to have defendant declared in contempt for failure to abide by the terms of the New York decrees. She attached to her complaint a copy of a 15 February 1977 order of the Supreme Court of New York in Rensselaer County which modified an earlier judgment of divorce by increasing the amount of alimony and child support to be paid by defendant. Also attached to the complaint was a copy of a judgment entered 28 October 1977 by the same court which adjudged defendant guilty of contempt for violation of the 15 February 1977 order and awarded plaintiff the sum of $4,225.00 which represented unpaid arrearages of alimony and child support. That order was issued in response to a motion filed by plaintiff. Defendant was personally served with notice of the motion, and he thereafter filed in the New York court a countermotion and affidavits in support thereof.

In his answer defendant admitted that the two decrees had been rendered by the New York court, but he denied that the decrees were entitled to full faith and credit. Defendant alleged that the 28 October 1977 judgment was entered without a hearing having been held, in violation of his right to due process of law,

McGinnis v. McGinnis

and that the 15 February 1977 order was entered out of court and out of term and was, therefore, unenforceable. He prayed that if full faith and credit should be given to the award of arrearages, the amount should be reduced due to his inability to pay. In a countermotion, defendant prayed for modification of the New York order for alimony and child support on the basis of a substantial change in circumstances.

On 31 July 1978 the district court held a conference in chambers and ordered that both parties submit by 7 August 1978, memoranda of law on the issue of the validity and enforceability of the New York judgments. Defendant timely filed such a memorandum, but plaintiff failed to do so by 7 August 1978 as the district judge had ordered. On 15 August 1978, the district court judge, after determining that plaintiff had waived her right to be heard on the issues set out in defendant's memorandum of law, entered an order denying full faith and credit recognition to the 28 October 1977 order and granting recognition to the 15 February 1977 order. Further hearings in the cause were ordered.

After plaintiff filed a memorandum of law on 17 August 1978, the trial court entered an order on 25 August 1978 vacating its earlier order of 15 August 1978 and setting the matter for hearing. On 1 September 1978, defendant filed a notice of appeal from the 25 August 1978 order. Thereafter, he took no timely steps to perfect his appeal from that order.

On 18 September 1978, the matter came on for hearing before Judge Saunders. Defendant's attorney requested an evidentiary hearing as to all issues before the court. By order entered 28 November 1978, the court, based on the documents and arguments presented at the hearing, made detailed findings of fact. Based on these findings, it made the following conclusions of law:

1. The February 15, 1977, Order of the New York Court is entitled to full faith and credit.

2. The October 28, 1977, Order of the New York Court is entitled to full faith and credit, insofar as it awards plaintiff a money judgment for the sum of Four Thousand Two Hundred Twenty-five Dollars ($4,225.00).

3. The October 28, 1977, New York Court Order is not entitled to full faith and credit, insofar as it adjudges defendant to be in contempt of the New York Courts and orders his imprisonment.

4. A custodial parent's alleged interference with court-ordered visitation did not constitute a defense to claims for alimony and child support accruing prior to June 5, 1978, and does not constitute a defense to claims for child support accruing on or after June 5, 1978, under either New York or North Carolina law in a non-Uresa case, where the support and alimony provided in the Order are not expressly conditioned upon visitation.

5. Defendant has raised matters entitling him to a hearing on his claim for suspension or cancellation of alimony accruing on or after June 5, 1978, in accordance with Chapter 241 of the New York Domestic Relations Law, enacted and to take effect June 5, 1978.

6. This Court has the discretion under North Carolina General Statute Section 50-13.5(c)5 to refuse to exercise jurisdiction as to the custody and visitation matters between the parties where the courts of another state (in this case New York) have already assumed jurisdiction and determined those matters and where the best interests of the children and parties will be served by having the matter disposed of in that jurisdiction.

7. Defendant has raised matters entitling him to a full evidentiary hearing on his prayer for a modification of alimony and child support by reason of changed circumstances.

8. The garnishment hearing in this case was not heard within the time allowed by law and it is dismissed.

9. Except as to those matters resolvable and resolved herein as a matter of law based upon the pleadings and memorandums of law, all issues raised by the parties are referred for evidentiary hearing at such time and place as may be set upon the application of either party and due notice to both parties.

The court awarded plaintiff judgment for arrearages in the amount of $4,225.00 and ordered an evidentiary hearing on defendant's motion for modification of the 15 February 1977 decree of the New York court. Defendant appeals from the order of 25 August 1978 which vacated the earlier order of 15 August 1978, and from the order of 28 November 1978.

*Durant Williams ·Escott for plaintiff-appellee.*

*Ellis M. Bragg for defendant appellant.*

PARKER, Judge.

On this appeal defendant seeks to challenge both the 25 August 1978 order which vacated an order entered ten days earlier and the 28 November 1978 order which granted full faith and credit to portions of the New York decrees.

[1] On 1 September 1978 defendant-husband gave timely notice of appeal from the order of 25 August 1978. He now contends that this notice of appeal divested the trial court of jurisdiction to enter further orders in the cause and, therefore, that the order of 28 November 1978 was a nullity. We disagree. "As a general rule, an appeal takes a case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the judge is *functus officio.*" *Sink v. Easter,* 288 N.C. 183, 197, 217 S.E. 2d 532, 541 (1975); *accord, Machine Co. v. Dixon,* 260 N.C. 732, 133 S.E. 2d 659 (1963). However, this rule does not apply where further proceedings in the trial court indicate that the appeal has been abandoned. *Sink v. Easter, supra.* The initial question for decision on this appeal is, therefore, whether defendant's appeal from the 25 August 1978 order was abandoned.

In *Sink v. Easter, supra,* plaintiff's action was dismissed for lack of jurisdiction, and on 28 March 1974, the trial judge denied plaintiff's motion to set aside the judgment under Rule 60(b) and plaintiff gave notice of appeal. On 1 April 1974 the court, on its own motion, set aside its order denying the motion, and on 9 May 1974, plaintiff submitted a "withdrawal and abandonment of appeal," which was allowed. On 16 May 1974 an order was entered allowing the Rule 60(b) motion, and defendant duly appealed. On appeal, our Supreme Court held that plaintiff's abandonment of the earlier appeal served to reinvest the trial court with jurisdic-

tion over the entire cause: "We construe the proceedings appearing in the record on 1 April 1974 to constitute an adjudication by the court that plaintiff's prior appeal from the denial of her Rule 60(b) motion had been abandoned and that plaintiff, by appearing at said hearing, gave proper notice of her intention to abandon the same." 288 N.C. at 198, 217 S.E. 2d at 542. In the later case of *Bowen v. Motor Co.*, 292 N.C. 633, 234 S.E. 2d 748 (1977), the court emphasized that *Sink* "should not be interpreted as holding that the mere filing of a motion directed to an order or judgment from which an appeal has previously been taken and the appearance at a hearing thereon constitutes an abandonment of the prior appeal, nothing else appearing." 292 N.C. at 636, 234 S.E. 2d at 750. The Court in *Bowen, supra*, held that plaintiffs who filed notice of appeal, and who thereafter filed a motion to take a voluntary dismissal, had not abandoned their appeal so as to reinvest the lower court with jurisdiction.

In the present case, defendant properly gave notice of appeal on 1 September 1978, but between that date and 28 November 1978 when judgment was entered, a period of 88 days, he took no steps to perfect that appeal. Contrary to the mandate of App. R. 11(a) defendant neither tendered a proposed record on appeal within 30 days, nor did he seek any extension of time to settle such a record as permitted by App. R. 27(c). Defendant did file a motion on 18 September 1978 requesting the court to decline to render further rulings pending disposition of the appeal from the 25 August 1978 order, and only thereafter did he participate in oral argument directed to the merits. Had defendant done nothing more than participate in the hearing on 18 September 1978, we would be compelled to conclude, under the authority of *Bowen v. Motor Co., supra*, that defendant had not abandoned his appeal of 1 September 1978. However, in our opinion his failure to perfect that appeal by the time judgment was entered on 28 November 1978 constituted an abandonment which reinvested the trial court with jurisdiction to render further orders in the cause. In effect, during the period September to November 1978 defendant was actively seeking to ensure a judgment on the merits in his favor, while at the same time purporting to pursue, but failing to perfect, an appeal from a previous order which had operated to his disadvantage. Having neglected for 88 days after giving notice of appeal on 1 September 1978 to take any further step to perfect

his appeal, defendant cannot now justly contend, merely because the 28 November 1978 order also disadvantaged him, that the court was without jurisdiction to render it.

We hold that the defendant's purported appeal from the 25 August 1978 order is not before this Court because defendant failed, after giving notice of appeal on 1 September 1978, to take any further timely step required by the Rules of Appellate Procedure to perfect his appeal from that order. Therefore, the only order which is now before this Court is that entered on 28 November 1978, from which defendant properly perfected an appeal.

[2] We note at the outset that the 28 November 1978 order did not determine all of the issues raised in this action. Although the trial court enforced the 28 October 1977 New York decree to the extent that it had awarded plaintiff judgment for $4,225.00 in alimony and support arrearages, and although the court granted full faith and credit to the alimony and child support provisions of the 15 February 1977 New York decree, it ordered evidentiary hearings on defendant's motion to modify the latter decree. The Court also ordered further hearings on the issue of defendant's entitlement to suspension of alimony accruing on or after 5 June 1978, based on an amendment to the New York Domestic Relations Law, effective 5 June 1978, which permits suspension of alimony where a custodial parent has wrongfully interfered with visitation rights of the non-custodial parent. Despite the interlocutory nature of the 28 November 1978 order, we conclude that the defendant's appeal therefrom can be presently maintained. Since the order granting plaintiff-wife's claim for $4,225.00 in arrearages and granting full faith and credit to a decree imposing a continuing support obligation affects a "substantial right" of defendant, it is reviewable by virtue of G.S. 1-277 and G.S. 7A-27(d). *See, Newton v. Insurance Co.,* 291 N.C. 105, 229 S.E. 2d 297 (1976); *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976).

[3] Proceeding to the merits of defendant's appeal, we first consider whether the trial court erred in giving full faith and credit to that portion of the New York decree of 28 October 1977 awarding plaintiff judgment for $4,225.00 in alimony and child support arrearages. Although defendant argues in his brief that the trial court could not properly entertain an action to enforce a foreign

judgment without the introduction in evidence of a properly authenticated copy of that foreign judgment, we note that defendant, by his answer, has waived any defect in authentication of the judgment. *See* 2 Stansbury's North Carolina Evidence § 195 (Brandis Rev. 1973). Plaintiff attached to her complaint a copy of the 28 October 1977 New York judgment which she sought to enforce, and defendant, in his answer, admitted that the attached order was filed in the New York action.

[4] Defendant also contends that the New York court issued the decree without giving him notice and an opportunity to be heard on the matter, thereby depriving him of his constitutional right to procedural due process. Article IV, § 1 of the Constitution of the United States, provides: "Full Faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." In a suit brought to enforce the judgment of a sister state, that judgment may be collaterally attacked only upon the following grounds: (1) lack of jurisdiction; (2) fraud in procurement; or (3) that it is against public policy. *Howland v. Stitzer*, 231 N.C. 528, 58 S.E. 2d 104 (1950).

Defendant does not contend that the New York court entering the 28 October 1977 decree lacked jurisdiction or that there was fraud in the procurement of the decree. His contention is that the order, entered without notice and without an evidentiary hearing, was in violation of his due process rights and is contrary to the public policy of this state. If in fact defendant's right to due process was denied, the New York decree would not be entitled to full faith and credit. There is, however, no question in the present case that defendant had proper notice of the proceedings in the New York court which led to the judgment of which he complains. Defendant was personally served with process, and he filed pleadings and supporting documents in the New York Court. The question remaining, then, is whether defendant was given a reasonable opportunity to be heard. "If the defendant was denied a reasonable opportunity to be heard, a judgment rendered against him will be void in the State of rendition itself, if this state is a State of the United States, and in any event will not be recognized or enforced in other states." Restatement (Second) of Conflict of Laws § 25, Comment h (1971). We conclude that defendant was in fact afforded a "reasonable opportunity to

be heard" and that enforcement of the judgment against him is not, therefore, against the public policy of this state.

[5] The 28 October 1977 decree of the New York court was given full faith and credit recognition in the judgment now appealed from only to the extent that judgment for arrearages was awarded. The portion of the New York decree adjudging defendant in contempt and ordering his incarceration was denied enforcement. The district court in Mecklenburg County was correct in denying full faith and credit to the contempt portion of the New York decree. The validity and effect of a judgment of another state must be determined by reference to the laws of the state wherein the judgment was rendered. *See, Marketing Systems v. Realty Co.,* 277 N.C. 230, 176 S.E. 2d 775 (1970). Under New York law, where a party asserts financial inability to pay a prior judgment, he may not be held in contempt and ordered incarcerated without a full evidentiary hearing. *Singer v. Singer,* 52 A.D. 2d 774, 382 N.Y.S. 2d 793 (1976); *Walker v. Walker,* 51 A.D. 2d 1029, 381 N.Y.S. 2d 310 (1976); *Comerford v. Comerford,* 49 A.D. 2d 818, 373 N.Y.S. 2d 148 (1975). As to proceedings to recover a money judgment for arrearages, the requirements are less strict. In *Pecukonis v. Pecukonis,* 49 A.D. 2d 985, 374 N.Y.S. 2d 382 (1975), a New York appellate court explained the function of Section 244 of the Domestic Relations Law, the same statute under which plaintiff-wife in the present action obtained judgment for arrearages in the New York court:

> Section 244 of the Domestic Relations Law was designed to eliminate the burden of plenary or protracted litigation to enforce the wife's established rights under a matrimonial decree. It is intended to afford summary relief for the nonpayment of alimony (*McCanliss v. McCanliss,* 268 App. Div. 138, 49 N.Y.S. 2d 289). It is, in effect, a motion for summary judgment (*Salvati v. Salvati,* 37 A.D. 2d 858, 326 N.Y. 2d 156). Therefore, if there are material issues of fact, judgment cannot be granted (*Poitier v. Poitier,* 42 A.D. 2d 645, 345 N.Y. 2d 154; *Salvati v. Salvati, supra*).

> In the instant proceeding, it was incumbent upon the moving party to present evidentiary facts showing the validity of her contentions and that there was no defense. This she did. Conversely, the defendant husband was required to present facts

having probative value sufficient to demonstrate an unresolved, material issue, which could be determined only by a plenary hearing. He failed to do so. Conclusory allegations are insufficient.

49 A.D. 2d at 985, 374 N.Y.S. 2d at 384.

Thus, it is clear that under New York law, the party opposing a motion for judgment on arrearages due under a decree for alimony and support must initially make a showing by affidavit. Unless the New York court determines that the opposing affidavits raise genuine issues of material fact, there is no requirement that a full evidentiary hearing be held. *See, Hickland v. Hickland,* 56 A.D. 2d 978, 393 N.Y.S. 2d 192 (1977); *Gibb v. Gibb,* 49 A.D. 2d 886, 372 N.Y.S 2d 743 (1975); *Gagliardi v. Gagliardi,* 18 A.D. 2d 788, 236 N.Y.S. 2d 510 (1963).

In the present case, both plaintiff, who was the movant in the New York court, and defendant filed affidavits in the New York court in support of their motions. The New York judgment recites that the matter came on for hearing at a Special Term of the Supreme Court of Rensselaer County in New York on 23 September 1977, and that at that hearing defendant moved to refer the matter to the judge who had previously issued orders in the cause, which motion was granted. When the trial judge to whom the matter was referred entered judgment, that judgment was based upon the pleadings and affidavits which both parties had filed in the action. Defendant had the right under New York law to submit those affidavits opposing plaintiff's motion and supporting his own cross-motion, and he cannot now justly complain that he was denied due process merely because those affidavits were found to raise no meritorious defense which warranted a full evidentiary hearing. Assuming *arguendo* that there were genuine issues of fact which should have been resolved at an evidentiary hearing, and that the judgment was voidable upon direct attack in the courts of New York, defendant cannot collaterally attack the judgment on that ground. *See, Marsh v. R.R.,* 151 N.C. 160, 65 S.E. 911 (1909). "A foreign judgment cannot be impeached by showing that it was based on an error of law." *Ring v. Whitman,* 194 N.C. 544, 140 S.E. 159 (1927). *See also,* 47 Am. Jur. 2d Judgments, § 1238, p. 239. Having previously submitted to the jurisdiction of the New York courts, defendant was free to appeal

from the order and challenge its validity on direct attack in the appellate courts in New York. This he failed to do.

[6] Defendant also attempts on this appeal to raise for the first time a question as to the constitutionality of the New York statute which provides for awards of alimony and counsel fees, §§ 236 and 237 of the Domestic Relations Law. We do not reach the issue of the constitutionality of that statute on this appeal since it was neither raised in any of the pleadings or other papers filed in the New York action, nor has there been any ruling by the appellate courts of New York on the issue. Further, had defendant wished to raise this question in New York, he would have been required under N.Y. Civ. Prac. § 1012(b) to give notice to the State Attorney General, whose duty it would then have been to defend the statute.

[7] Finally, defendant contends that the trial court erred in its order of 28 November 1978 in denying defendant's oral motion for evidentiary hearings on the issues resolved therein, and he contends that such denial violated his due process right to produce evidence and cross-examine witnesses. This contention is without merit. At the hearing held in this matter on 18 September 1978, the court had before it the pleadings of the North Carolina and New York courts, and memoranda of law submitted by both parties. As previously stated, the 28 November 1978 order was partially interlocutory in that it withheld final determination on issues as to which the 18 September 1978 hearing revealed there were questions of fact to be determined. The issue of full faith and credit enforcement of the New York judgment for arrearages presented no questions of fact, and the trial court acted properly in resolving that issue as a matter of law.

The judgment appealed from is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.