PAMELA FRENCH WOODS, GUARDIAN OF STEVEN WAYNE LLEWELLYN, A MINOR v. JUDY RHEW BRIDGES SHELTON

No. 8828SC820

(Filed 16 May 1989)

1. **Appeal and Error § 38— failure to timely settle record on appeal—abandonment of appeal**

Defendant's failure to timely perfect her appeal constituted an abandonment of the appeal on the issue of whether the trial court erred in granting plaintiff's motion for summary judgment in an action to impose an express or constructive trust on the proceeds of a life insurance policy where defendant tendered her proposed record on appeal 139 days after giving notice of appeal.

2. **Rules of Civil Procedure § 60.2— amendment of judgment—correction of omission—no error**

The trial court did not abuse its discretion in granting plaintiff's motion to amend its judgment pursuant to N.C.G.S. § 1A-1, Rule 60(a) where plaintiff's complaint asked that the court impose a constructive trust on the proceeds of a life insurance policy, alternatively alleged that the insured had established an express trust in favor of his son with defendant as trustee and that defendant had breached her fiduciary duty, the judgment recited only that plaintiff's summary judgment motion was granted and did not state the legal theory under which plaintiff was entitled to prevail, and the amendment merely corrected that omission.

Judge GREENE dissenting.

APPEAL by defendant from Lewis (Robert D.), Judge. Judgment entered 4 January 1988 and modified 22 April 1988 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 22 February 1989.

Plaintiff Pamela French Woods, guardian for her son Steven Wayne Llewellyn, sues her deceased ex-husband's fiancee and beneficiary of his life insurance policy, defendant Judy Rhew Bridges Shelton, for the imposition of an express or constructive trust on the proceeds of the policy. The policy was a group life insurance policy with the New York Life Insurance Company which the decedent James E. Llewellyn (Llewellyn) bought at his work place. Plaintiff claimed that a Tennessee court order incorporated a separation agreement between her and the decedent and obligated Llewellyn to maintain a $100,000 life insurance policy with his son as beneficiary. As a result of Llewellyn's death, New York Life paid defendant $20,192.70 pursuant to its policy.

Arguing that there was no genuine issue of material fact, both parties moved for summary judgment. On 4 January 1988 the trial court granted plaintiff's motion for summary judgment and denied defendant's motion. Defendant gave oral notice of appeal.

On 14 March 1988 the deputy clerk of Superior Court of Buncombe County sent defendant a notice of her right to have exemptions designated. The following day, pursuant to Rule 60(a) of the North Carolina Rules of Civil Procedure, plaintiff filed a motion to modify the trial court's 4 January 1988 judgment. Plaintiff's

motion stated that it was made "in order to show the status of the [d]efendant as [c]onstructive [t]rustee so that the assets held by the [d]efendant acquired from proceeds of the insurance policy are subject to execution without the application of G.S. 1C-1601." On 1 April 1988 defendant filed a motion to claim exempt property. Plaintiff objected to defendant's schedule of exemptions and requested a hearing on the defendant's motion. On 22 April 1988 the trial court granted plaintiff's motion to modify its earlier judgment. From this amended judgment, defendant also appeals.

*Van Winkle, Buck, Wall, Starnes & Davis, by Robert H. Haggard, Michelle Rippon and R. Walton Davis, III, for plaintiff-appellee.*

*Toms & Bazzle, by James H. Toms and Eugene M. Carr, III, for defendant-appellant.*

EAGLES, Judge.

Defendant argues that the trial court erred in granting plaintiff's motion for summary judgment and in amending the judgment. We hold that we may not address defendant's first issue because the appeal from the trial court's initial judgment was not properly perfected. As to defendant's second issue, we hold that the trial court did not abuse its discretion in amending the 4 January 1988 judgment and, accordingly, we affirm.

[1] Defendant first argues that the trial court erred in granting plaintiff's motion for summary judgment. She argues that because the decedent Llewellyn agreed in the separation agreement to maintain a life insurance policy with the Franklin Life Insurance Company and not the New York Life Insurance Company, a constructive trust could not be imposed on the proceeds of the New York Life policy. While defendant's argument raises some interesting legal questions, we may not address them. We hold that our decision in *McGinnis v. McGinnis*, 44 N.C. App. 381, 261 S.E. 2d 491 (1980), controls and that by defendant's failure to comply with the North Carolina Rules of Appellate Procedure, she has abandoned her appeal on this issue.

App. R. 11 prescribes the methods by which an appellant settles the record on appeal. App. R. 11(a) allows the parties, within sixty days after appeal is taken, to settle the record between themselves. App. R. 11(b) further provides that if the record on appeal is not settled by agreement, the appellant "shall, within

60 days after appeal is taken, file in the office of the clerk of superior court and serve upon all other parties a proposed record on appeal." Under this method of settling the record the appellee has fifteen days to object to the record as proposed. The appellant's proposed record becomes the record on appeal if the appellee fails to object. Further, App. R. 11(e) allows the time limits imposed under this rule to be extended for good cause in accordance with App. R. 27(c).

In *McGinnis* plaintiff, a New York resident, brought an action against her former husband to enforce New York orders on alimony and child support. Initially, the trial court asked both parties to submit memoranda on the "validity and enforceability of the New York judgments." When plaintiff failed to timely file her memorandum, the trial court ruled that she had waived her right to be heard and entered an order denying full faith and credit to one of the New York judgments. After plaintiff filed her memorandum of law, the trial court entered another order vacating its earlier order. Defendant properly appealed from the court's second order, but failed to perfect his appeal.

Eighty-eight days later the trial court granted the New York orders full faith and credit. On appeal the defendant argued that his appeal of the second order "divested the trial court of jurisdiction to enter further orders" granting the New York orders full faith and credit. *Id.* at 385, 261 S.E. 2d at 494. However, defendant had failed to settle the record on appeal or move for an extension of time to file his proposed record within the time set forth by App. R. 11. We held there that defendant's failure to properly perfect his appeal "constituted an abandonment which reinvested the trial court with jurisdiction to render further orders in the cause." *Id.* at 386, 261 S.E. 2d at 495.

Likewise, here defendant's failure to timely perfect her appeal constitutes an abandonment of the appeal on this first issue. Defendant gave oral notice of appeal on 4 January 1988. She tendered her proposed record on appeal pursuant to App. R. 11(b) on 22 May 1988, 139 days later. This record does not indicate whether defendant sought or received an extension of time to settle the record. As our Supreme Court stated in *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E. 2d 357, 361 (1979), " '[c]ounsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process.' . . . A failure by

appellant to meet the requirements of App. R. 11(e), or to comply with the mandate of App. R. 12(a), works a loss of the right of appeal." [Citations omitted.] Accordingly, we hold that this issue is not now properly before us.

[2] Defendant next assigns as error the trial court's grant of plaintiff's motion to amend its 4 January 1988 judgment pursuant to Rule 60(a) of the North Carolina Rules of Civil Procedure. We hold that the trial court did not abuse its discretion in granting plaintiff's motion.

Rule 60(a) provides, in part, that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders." In addition, our courts have held that the trial court may correct inadvertent omissions in a judgment through a R. 60(a) amendment so long as the amendment does not affect the substantive rights of the parties. *Hinson v. Hinson*, 78 N.C. App. 613, 337 S.E. 2d 663 (1985), *disc. rev. denied*, 316 N.C. 377, 342 S.E. 2d 895 (1986).

Plaintiff's complaint asked that the trial court impose a constructive trust on the proceeds of Llewellyn's life insurance policy. Alternatively, plaintiff alleged that Llewellyn established an express trust in favor of his son with defendant as trustee and that defendant had breached her fiduciary duty to the decedent's son. We note that the 4 January 1988 judgment only recites that plaintiff's summary judgment motion was granted, defendant's summary judgment was denied, and that plaintiff recover $20,192.70.

The judgment did not state under what legal theory plaintiff was entitled to prevail. The amended judgment of 22 April 1988 merely corrects that omission. The amended judgment clarifies that the trial court granted plaintiff summary judgment under a constructive trust theory. Further, it details that the property defendant acquired with the proceeds of the life insurance policy was subject to the constructive trust. The amended judgment does not declare the rights of the parties in relation to an exemption proceeding and we do not address that issue here. We hold that because the amendment to the judgment does not affect the substantive rights of the parties, the trial court did not abuse its discretion in granting plaintiff's R. 60(a) motion.

Affirmed.

Judge COZORT concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I dissent from the majority's refusal to hear defendant's challenge to the legality of constructive trust relief in this case as well as its application of Rule 60(a). The record does not support the majority's assertion that the court's Amended Summary Judgment merely clarified the theory of relief under the Original Summary Judgment. Plaintiff's complaint contained two distinct claims requesting two distinct forms of relief:

> 1. Plaintiff claimed defendant was unjustly enriched by the New York Life proceeds and therefore requested the court 'impress a constructive trust upon the proceeds of the New York Life policy in the hands of the defendant, and order the defendant to pay the amount of $20,200, together with interest at the legal rate from October 29, 1986 until paid, to the plaintiff for the benefit of Steven Wayne Llewellyn'; and

> 2. Plaintiff also claimed that defendant breached certain fiduciary duties to plaintiff and requested that 'plaintiff have and recover from the defendant damages in the amount of $20,200, together with the interest at the legal rate from October 29, 1986 until paid, for the defendant's breach of fiduciary duty.'

The trial court's Original Summary Judgment ordered that "plaintiff shall have and recover of the defendant the sum of $20,192.70 together with interest at the legal rate from October 29, 1986 until paid." The court's Amended Summary Judgment retained the money damages from the Original Judgment, but added that "a constructive trust is hereby impressed upon the proceeds of the New York Life Insurance policy in the hands of the defendant . . . [and] . . . upon all property in the hands of the defendant that the defendant acquired with the proceeds of the New York Life Insurance policy . . . ." The Amended Summary Judgment also ordered the defendant to turn over certain real and personal property covered by the trust it imposed.

## WOODS v. SHELTON

[93 N.C. App. 649 (1989)]

Given the appellate record, I first disagree with the majority's analysis of the effect of defendant's abandoning his initial appeal from the Original Summary Judgment. Irrespective of any error assigned to the award of damages in the *Original* Summary Judgment, defendant's abandonment of the appeal from the Original Summary Judgment does not affect defendant's subsequent appeal of the imposition of a constructive trust under the *Amended* Summary Judgment. Since the Original Summary Judgment never mentions any right to constructive trust relief, defendant could not properly raise that issue in his appeal from the Original Summary Judgment; thus, the majority's erroneous application of Appellate Rule 11 to defendant's appeal from the Amended Summary Judgment prevents defendant from *ever* appealing the merits of the trial court's decision to order him to turn over certain properties and impose a trust on defendant's real and personal property. This is not a frivolous issue since the issue has apparently never been presented to our courts and courts in other jurisdictions have reached varying results.

However, the substantive merits of the court's imposition of a constructive trust need not be addressed if this court holds the trial court exceeded its procedural authority under Rule 60(a). The majority erroneously holds Rule 60(a) permits the trial court to add to the Amended Summary Judgment a constructive trust on defendant's life insurance proceeds and certain real and personal property and order the turnover of that property — when the Original Summary Judgment simply rendered a personal judgment against defendant for $20,000 in damages. This case is nearly identical to *H & B Company of Statesville v. Hammond*, 17 N.C. App. 534, 538-39, 195 S.E. 2d 58, 60-61 (1973) wherein this court overturned the trial court's similar use of Rule 60(a):

The default judgment [awarding damages] was in no way adverse to plaintiff, and rather than seeking to be relieved from its operation, plaintiff was attempting to have its rights under the judgment extended to include additional and entirely different relief. *In allowing plaintiff's motion, the court amended the judgment so as to make it a specific lien against the property now owned by appellants . . . The amendment to the judgment allowed here is much more extensive than a mere technical correction such as contemplated by Rule 60(a).* . . . In support of this contention, plaintiff argues that it should not be penalized for the mistake of its counsel in failing to

apply to the clerk for all of the relief prayed for in the complaint. To so hold, however, would be to say that it is the appellants who should be penalized for the mistake of plaintiff's counsel. . . .

(Emphasis added.)

Given the trial court's award of damages based on one of the two theories of recovery requested in the complaint, I am aware of no case in this State permitting such an expansion of relief under the guise of clerical error. *Cf. Hinson v. Hinson*, 78 N.C. App. 613, 615-16, 337 S.E. 2d 663, 664, *disc. rev. denied*, 316 N.C. 377, 342 S.E. 2d 895 (1986) (collecting cases rejecting attempts to change substantive provisions of judgments under Rule 60(a)). I also note that, before the court amended its judgment, defendant filed a motion to claim exemptions against the Original Summary Judgment. Defendant contends the court's subsequent amendment under Rule 60(a) deprived him of the exemptions he was entitled to assert against the Original Summary Judgment. I therefore fail to see how the majority can simply assert "the amendment to the judgment does not affect the substantive rights of the parties" and yet specifically decline to address defendant's contention his exemption rights were prejudiced.

I thus dissent on both of the above two grounds. However, even assuming the majority is correct on *one* of these grounds, the majority cannot be correct on *both* grounds: either the trial court could not amend its Original Summary Judgment to add constructive trust relief under Rule 60(a) or, irrespective of defendant's abandoning his first appeal, defendant can challenge the merits of the trust relief subsequently added by the court since he perfected his appeal from the trial court's amendment under the Amended Summary Judgment. Because I believe the majority errs in both respects, I dissent.