■ PENN-DIXIE INDUSTRIES, INC., Respondent, v JEROME CASTLE, Appellant.—Order, Supreme Court, New York County, entered February 6, 1980, reversed, to the extent appealed from, on the law, and the matter remanded to Special Term, Supreme Court, New York County, for proceedings as hereinafter set forth, without costs. Defendant-appellant had been directed by judgment entered July 16, 1979 to turn over to plaintiff-respondent corporation certain shares of stock. Appellant claimed inability to comply because the stock, having been pledged against a loan, was not under his control. To this, respondent countered that, as of record, the stock belonged to and was controlled by appellant. Brought before Special Term for commitment after adjudication in contempt,* appellant repeated under oath his claim of inability to comply, and the reason therefor. At this point, it would have seemed that the burden was on respondent to prove appellant's ability to comply. (See *Pereira v Pereira,* 35 NY2d 301, 309.) Denial of a hearing at which full proof should have been had and at which appellant did not have the burden of proof is not due process *(Singer v Singer,* 52 AD2d 774). It is not enough, merely upon a prior adjudication of contempt by another Justice for failure to comply with an order, where the alleged contemner made a colorable claim of inability to comply, to proceed to commitment without putting the claimant to its proof that the reason given was sham. At the hearing we direct, inquiry should be made concerning when the loan transaction was entered into vis-à-vis the turnover judgment, the details of the transaction, and as to all aspects of the matter bearing upon appellant's ability to comply with the judgment entered July 16, 1979. Concur—Ross, J. P., Markewich, Silverman, Bloom and Carro, JJ.

---

* The earlier involvements of this case, both below and here, and an appeal not yet perfected, are of no moment on this appeal, and need not be adverted to in this writing.