JOSEPH McKINLEY BRYAN TAYLOR, Individually, and as Guardian Ad Litem of Joseph McKinley Bryan Taylor, Jr., and Martha Caroline McKellar Taylor, Minors; and MARY PRICE TAYLOR, Individually, Plaintiffs v. NATIONSBANK CORPORATION, formerly N.C.N.B. National Bank of North Carolina; E.S. MELVIN; and CAROLE W. FEE BRUCE, Trustees, Defendants

No. COA96-919

(Filed 4 March 1997)

1. **Trusts and Trustees § 272 (NCI4th)— receipt of cash bequests—trust beneficiaries—standing to bring action**

   Plaintiffs' mere receipt of cash bequests from a trustee did not terminate their status as beneficiaries where plaintiffs were named as beneficiaries in the trust documents and they asked to view the trust documents because they questioned the terms of the trust from which their bequests came.

   **Am Jur 2d, Trusts §§ 672 et seq.**

2. **Trusts and Trustees § 272 (NCI4th)— trust beneficiaries— acceptance of bequests—action to view documents—no estoppel**

   Plaintiff trust beneficiaries were not estopped from asserting that they are entitled to view the trust documents by their acceptance of cash bequests from the trustee.

   **Am Jur 2d, Trusts §§ 672 et seq.**

3. **Trusts and Trustees §§ 195, 242 (NCI4th)—trust beneficiaries—right to view trust documents**

   Despite the settlor's instruction to the trustees that the terms of the trust were to remain confidential, plaintiff trust beneficiaries were entitled to view the trust instrument from which their interest is derived absent an explicit provision in the trust instrument to the contrary. However, this right to view trust instruments does not include trust documents that are no longer operative due to revocation. N.C.G.S. § 36A-78.

   **Am Jur 2d, Trusts §§ 276 et seq., 339 et seq.**

Defendants appeal and plaintiffs cross-appeal from judgment entered 3 June 1996 by Judge Julius A. Rousseau, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 14 January 1997.

Joseph McKinley Bryan died on 26 April 1995 leaving a will dated 29 June 1990. Defendants NationsBank Corporation, E.S. Melvin, and Carole W. Fee Bruce are named as executors in Bryan's will. Defendants are also trustees of a revocable trust created by Bryan on 29 June 1990. Bryan's will pours over the residue of the estate into the trust.

Plaintiffs Joseph McKinley Bryan Taylor and Mary Price Taylor are grandchildren of Bryan (adult plaintiffs). Plaintiffs Joseph McKinley Bryan Taylor, Jr., and Martha Caroline McKellar Taylor are great-grandchildren of Bryan and children of plaintiff Joseph McKinley Bryan Taylor (minor plaintiffs).

In Bryan's "Second Restated and Amended Irrevocable Trust Agreement" he made a bequest of $500,000.00 to each grandchild who survived him. This trust agreement also provided for a specific monetary bequest in the sum of $100,000.00 to each of his great-grandchildren. Furthermore, the trust agreement provided that the residuary of his estate was to be used to fund a charitable nonprofit organization, the Joseph M. Bryan Foundation. The Directors of the Foundation are defendants Carole W. Fee Bruce, E. S. Melvin, Michael W. Haley, Shirley Frye and H. Michael Weaver.

On 8 December 1992 Bryan amended the trust agreement, "First Amendment to Second Restated and Amended Revocable Trust Agreement." This amendment reduced the monetary bequests to Bryan's grandchildren to $100,000.00 each. Bryan had instructed his trustees that "his Trust Agreement should remain confidential," and his trustees believe themselves to be "morally and legally obligated not to disclose the contents of his Trust Agreement."

By letter dated 16 May 1995 the trustees advised each grandchild of the amount of the bequest and the reasons why the bequest was limited to $100,000.00. Each adult plaintiff received by mail from the trustee a check in the amount of $100,000.00 accompanied by a letter and release. However, the adult plaintiffs cashed the checks and declined to sign the releases. Defendants also wrote to the parents of the minor plaintiffs, stating that Bryan's trust provided for a monetary legacy to each of his living great-grandchildren. Defendants stated that the legacies were to be in separate trusts until the great-grand-children reached the age of 21, and that defendants were also trustees of these separate trusts.

There have been at least five versions of the trust: (1) 10 September 1985; (2) 12 February 1988; (3) 29 August 1988; (4) 29 June

1990; and (5) 8 December 1992. The 10 September 1985, 12 February 1988, and 29 August 1988 versions of the trust were revoked by the settlor before his death. Only the 29 June 1990 and the 8 December 1992 versions were in effect at the settlor's death.

On 14 December 1995 plaintiffs filed a declaratory judgment requiring defendants to produce a trust instrument signed on 29 June 1990 by Bryan, together with all versions and amendments of the trust both prior to and since its execution, as well as all other documents relating to the trust. On 16 January 1996 defendants filed a motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(6). On 8 March 1996 Judge Melzer A. Morgan, Jr. of the Guilford County Superior Court denied defendants' motion.

On 29 March 1996 defendants filed a motion for judgment on the pleadings pursuant to N.C.R. Civ. P. 12(c). On 1 April 1996 plaintiffs filed a cross-motion for judgment on the pleadings. On 3 June 1996 Judge Julius A. Rousseau converted the motions to motions for summary judgment and denied defendants' motion for summary judgment while partially granting plaintiffs' motion for summary judgment. Defendants were ordered to produce for plaintiffs' inspection only the trust document entitled "Second Restated and Amended Revocable Trust Agreement," dated 29 June 1990, and the trust document entitled "First Amendment to Second Restated and Amended Revocable Trust Agreement," dated 8 December 1992. Defendants appeal and plaintiffs cross-appeal.

*Smith, Follin & James, by Norman B. Smith and Seth R. Cohen, and Prickett, Jones, Elliott, Kristol & Schnee, by William Prickett and Heather D. Jefferson, for plaintiff-appellants.*

*Smith, Helms, Mulliss & Moore, L.L.P., by James G. Exum, Jr., Larry B. Sitton and Larissa J. Erkman, for defendant-appellants.*

EAGLES, Judge.

Plaintiffs argue that defendants' failure to verify their answer and motion for judgment on the pleadings is fatal to their appeal. However, plaintiffs failed to raise any objection at trial to the absence of verification and failed to assign error in the record on appeal. Accordingly, this issue is not properly preserved for appellate review. N.C.R. App. P. 10(a), (b)(1).

Plaintiffs assign error to the trial court's conversion, *ex mero motu*, of the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure to motions for summary judgment. However, plaintiffs bring forward no argument or authority in their briefs in support of this assignment of error. Accordingly, this assignment of error is deemed abandoned pursuant to Rule 28(a) of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 28(a).

**[1]** The first issue before us is whether the plaintiffs were beneficiaries under the trust agreement at the time they filed their complaint. Defendants contend that by accepting the specific cash bequests prior to filing their complaint, adult plaintiffs no longer had any continuing present or future interest in the corpus of the trust, and therefore, were no longer owed any duties as trust beneficiaries. Also, defendants contend that legal title in the minor plaintiffs' specific cash bequests passed from the trust prior to the filing of the complaint and vested in separate trusts, and therefore, the minor plaintiffs now have only a continuing interest in the separate trusts and not an interest in the trust in dispute. Accordingly, defendants urge that plaintiffs do not have the status of trust beneficiaries.

No decisions or statutes in North Carolina have defined "beneficiary." Although North Carolina has not adopted the Uniform Probate Code as such, it has relied on it as persuasive authority in *In re Estate of Francis*, 327 N.C. 101, 108, 394 S.E.2d 150, 155 (1990). Uniform Probate Code, U.L.A. § 1-201(3) (1996), defines a trust beneficiary as including "a person who has present or future interest, vested or contingent" in the trust property. *See* Restatement (Second) of Trusts, § 3 (1959) (a beneficiary is a person for whose benefit property is held in trust). This definition of beneficiary does not deal with the status of beneficiaries who have already received their bequests. Understandably, only a beneficiary may profit from a trust. Moreover, once beneficiaries receive their undisputed interest in the trust, their interest in the trust terminates. However, here it is undisputed that plaintiffs were each named beneficiaries in the trust documents. Furthermore, plaintiffs seek to view trust documents because they question the terms of the trust from which their specific bequests came. Therefore, they are by no means like mere strangers to the trust as defendants suggest. We hold that plaintiffs' mere receipt of cash bequests from a trustee does not terminate their status as beneficiaries where, as here, the plaintiffs were named as beneficiaries in the trust documents and they ask to view the trust docu-

TAYLOR v. NATIONSBANK CORP.

[125 N.C. App. 515 (1997)]

ments because they question the terms of the trust from which their bequest came.

We now consider whether plaintiffs as beneficiaries were entitled to view the "Second Restated and Amended Revocable Trust Agreement," dated 29 June 1990, and the "First Amendment to Second Restated and Amended Revocable Trust Agreement," dated 8 December 1992.

**[2]** Defendants contend that plaintiffs are estopped from asserting that they are entitled to view the trust documents on the grounds that " 'a party will not be allowed to accept benefits which arise from certain terms of the contract and at the same time deny the effect of other terms of the same agreement.' " *See Brooks v. Hackney*, 329 N.C. 166, 173, 404 S.E.2d 854, 859 (1991) (*quoting Capital Outdoor Advertising, Inc. v. Harper*, 7 N.C. App. 501, 505, 172 S.E.2d 793, 795 (1970)). Defendants' argument overlooks that defendants have the duties and obligations of a trustee. This Court has found that transactions between trustees and beneficiaries of a trust are "presumed fraudulent" and therefore "are voidable by the beneficiary unless the trustee can show by the greater weight of the evidence that the transaction was 'open, fair and honest,' " and "that the beneficiary had a full and complete understanding of the transaction . . . ." *Johnson v. Brown*, 71 N.C. App. 660, 668, 323 S.E.2d 389, 394-95 (1984). Furthermore, defendants do not point to any terms of the trust that restrict the beneficiaries' rights to view the trust instrument. Here it would be a manifest unfairness to allow the trustees to invoke the doctrine of estoppel against the beneficiaries.

**[3]** Defendants contend that the settlor created a private living trust, the terms of which he instructed his trustees were to be held confidential. Therefore, defendants urge they are legally bound to not disclose the terms of the trust agreement. Plaintiffs counter that as beneficiaries they have an absolute right to receive complete and accurate information with regard to the trust, including the right to examine all trust documents.

No decisions in North Carolina have conferred an absolute right to view trust documents on a trust beneficiary. Other jurisdictions have determined that a trustee has a duty of full disclosure of all material facts for the protection of a beneficiary's present and future interests in the trust. *See* Lee, *North Carolina Law of Trusts* § 30 (6th ed. 1977); *In re Murray's Will*, 88 N.Y.S.2d 579, 581 (Sur. Ct, Orange County 1949); *Branch v. White*, 239 A.2d 665, 671 (N.J. Super.), *cert.*

*denied*, 242 A.2d 13 (N.J. 1968); *Karpf v. Karpf*, 481 N.W.2d 891, 896-97 (Neb. Sup. Ct. 1992); *Eddy v. Colonial Life Ins. Co. of America*, 919 F.2d 747, 750 (D.C. Cir. 1990); *Fidelity Bank v. Com. Marine & General Assur. Co.*, 592 F. Supp. 513, 528-29 (E.D. Pa. 1984); *In re Estate of Rosenblum*, 328 A.2d 158 (Pa. 1974)); *Budgen v. Tylee*, 21 Beav. 545 (1856). While none of these authorities deal specifically with a right of the beneficiary to view the trust instrument itself, several of them rely on the Restatement (Second) of Trusts and other persuasive authorities. Although the North Carolina Supreme Court recently frowned on our use of the Restatement (Second) of Torts as authority in *Hedrick v. Rains*, 344 N.C. 729, 477 S.E.2d 171 (1996), we note that the Supreme Court has recognized the Restatement (Second) of Trusts as persuasive authority. *See Fortune v. First Union National Bank*, 323 N.C. 146, 148, 371 S.E.2d 483, 484 (1988); *Citizens National Bank v. Grandfather Home for Children, Inc.*, 280 N.C. 354, 185 S.E.2d 836, 842 (1972); *Campbell v. Jordan*, 274 N.C. 233, 242, 162 S.E.2d 545, 551 (1968); *Little v. Wachovia Bank & Trust Co.*, 252 N.C. 229, 254, 113 S.E.2d 689, 708 (1960).

Section 173 of the Restatement (Second) of Trusts makes clear that a trustee must always provide beneficiaries complete and accurate information and documentation regarding the trust:

> The trustee is under a duty to the beneficiary to give him upon his request at a reasonable time complete and accurate information as to the nature and amount of the trust property, and to permit him or a person duly authorized by him to inspect the subject matter of the trust and the accounts and vouchers and other documents relating to the trust.

Restatement (Second) of Trusts § 173. Section 173 also clearly provides authority for the position that beneficiaries are entitled to view trust documents relating to their interest in the trust. *See also* George G. Bogert & George T. Bogert, *The Laws of Trusts and Trustees* § 961, at 2-4 (rev. 2d ed. 1983) (beneficiary entitled to see trust documents where demand is reasonable and would benefit beneficiary; duty of trustee to give relevant information about the terms of the trust when requested by beneficiary); Austin W. Scott & William F. Fratcher, *The Law of Trusts* § 173, at 462-465 (4th ed. 1987) (trustee under duty to give beneficiaries information and other documents relating to trust at their request).

The authorities cited above do not appear to limit a beneficiary's inquiry to the particular clause of the trust instrument from which

their specific bequest is derived. Instead, it is only the terms of the trust that limit the trustee's duty to disclose information about the trust. In this regard, G.S. 36A-78 (1995) provides that the settlor may,

> by provision in the instrument creating the trust if the trust was created by a writing, or by oral statement to the trustee at the time of the creation of the trust if the trust was created orally . . . add duties, restrictions, liabilities, privileges, or powers, to those imposed or granted by this Article.

Here there was no provision in the trust instruments limiting the trustees' duty to disclose to the beneficiaries the terms of the trust agreement.

Defendants contend that they have satisfied their duty to disclose by revealing the specific clause granting plaintiffs' bequest. Plaintiffs urge that they are entitled to view all documents relating to the trust including prior revoked drafts of the trust. Comment c of § 173 of the Restatement (Second) of Trusts provides the following relevant insight:

> c. Terms of the Trust.

> Although the terms of the trust may regulate the amount of information which the trustee must give and the frequency with which it must be given, the beneficiary is always entitled to such information as is reasonably necessary to enable him to enforce his rights under the trust or to prevent or redress a breach of trust.

Here the prior revoked documents are not "reasonably necessary" to enforce the plaintiffs' rights or to "redress a breach of trust" for two reasons. First, the revoked documents are by their nature inoperative, and therefore, plaintiffs have no interest in them. Second, only the "Second Restated and Amended Revocable Trust Agreement," dated 29 June 1990 and the "First Amendment to Second Restated and Amended Revocable Trust Agreement," dated 8 December 1992, contained their specific bequests. To allow plaintiffs to view earlier inoperative trust documents would go beyond plaintiffs' interest and be immaterial to their specific bequests.

We hold that absent an explicit provision in the trust to the contrary, plaintiffs as trust beneficiaries are entitled to view the trust instrument from which their interest is derived. This right to view trust instruments does not include trust documents that are no longer operative due to revocation. The wishes of the settlor to keep certain

terms of the trust secret is understandable; however, absent an explicit provision in the trust instrument to the contrary, the trustee has a duty to reveal the terms of the trust to the beneficiaries. Justice Cardozo's words concerning a fiduciary's duty still ring true today:

> A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the 'disintegrating erosion' of particular exceptions. . . . Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd. It will not consciously be lowered by any judgment of this court.

*Trust Co. v. Johnston*, 269 N.C. 701, 711, 153 S.E.2d 449, 457 (1967) (*quoting Meinhard v. Salmon*, 164 N.E. 545 (N.Y. 1928)). Accordingly, we affirm.

Affirmed.

Judges GREENE and MARTIN, John C., concur.