LAWRENCE A. WILSON, III AND LEIGH M. WILSON, PLAINTIFFS v. LAWRENCE A. WILSON, SR., INDIVIDUALLY AND IN HIS CAPACITY AS TRUSTEE OF THE LAWRENCE ALLAN WILSON, JR. TRUST FOR THE BENEFIT OF LAWRENCE ALLAN WILSON, III AND THE LAWRENCE ALLAN WILSON, JR., TRUST FOR THE BENEFIT OF LEIGH MEREDITH WILSON, AND LAWRENCE A. WILSON, JR., DEFENDANTS

No. COA09-325

(Filed 16 March 2010)

**1. Appeal and Error— interlocutory order—ineffective initial appeal—subsequent final judgment**

Plaintiffs' appeal of a protective order as well as an order for summary judgment was properly before the Court of Appeals. Although the initial appeal from the protective order was not immediately appealable, the order granting defendants sum-

**WILSON v. WILSON**

[203 N.C. App. 45 (2010)]

mary judgment was a final judgment. Thereafter, plaintiffs could timely appeal.

**2. Trusts— accounting—information reasonably necessary to enforce rights**

The trial court erred by granting a protective order in favor of defendants that effectively denied plaintiffs' request for an accounting of the pertinent trusts even though a provision of the trust instrument purportedly excused the trustee from providing an accounting. N.C.G.S. § 36C-8-813 does not override the duty of the trustee to act in good faith, nor can it obstruct the power of the court to take such action as may be necessary in the interests of justice. The trial court's grant of summary judgment and award of costs to defendants was reversed.

Judge ELMORE dissenting.

Appeal by Plaintiffs from orders entered 25 August 2008 by Judge Phyllis M. Gorham and 13 January 2009 by Judge Jay D. Hockenbury in Superior Court, New Hanover County. Heard in the Court of Appeals 29 September 2009.

*Ward and Smith, P.A., by John M. Martin, for plaintiffs-appellants.*

*Shipman & Wright, L.L.P., by Gary K. Shipman and Catherine H. Lesica, for defendants-appellees.*

WYNN, Judge.

"[T]he beneficiary is always entitled to such information as is reasonably necessary to enable him to enforce his rights under the trust or to prevent or redress a breach of trust."[1] In the present case, the trial court held that Defendant-settlor Lawrence A. Wilson, Jr. could, by a provision in the trust instrument, deny Plaintiffs-beneficiaries information necessary to prevent or redress a breach of trust. Because this result is contrary to law, we reverse the trial court's grant of a protective order and summary judgment to Defendants.

Defendant Lawrence A. Wilson, Jr. in 1992 created two irrevocable trusts, one for each of his two children. He made Defendant Lawrence A. Wilson, Sr. the trustee for both of the trusts, and included in both instruments the provision at issue in this case:

---

1. *Taylor v. Nationsbank Corp.*, 125 N.C. App. 515, 521, 481 S.E.2d 358, 362 (1997) (quoting Restatement (Second) of Trusts § 173 cmt. c (1959)).

The Trustee shall not be required by any law, rule or regulation to prepare or file for approval any inventory, appraisal or regular or periodic accounts or reports with any court or beneficiary, but he may from time to time present his accounts to an adult beneficiary or a parent or guardian of a minor or incompetent beneficiary.

On 28 September 2007, the beneficiaries ("Plaintiffs") filed suit, alleging a breach of fiduciary duty. Plaintiffs requested, among other things, that the trustee be required "to provide a full, complete, and accurate accounting of the Trusts from December 31, 1992 through the date on which the Order is entered." In support of their claims, Plaintiffs alleged that Defendant Trustee Wilson, Sr. had allowed Defendant Settlor Wilson, Jr. to take control of the assets of the Trusts, and that Defendant Settlor Wilson, Jr. subsequently invested the assets in his personal business ventures which were highly speculative and resulted in a substantial depreciation of assets. Plaintiffs further alleged that Defendant Trustee breached his statutory duty by failing to distribute income to Plaintiffs as required by the terms of the Trust Instruments.

Defendants filed an answer on 30 October 2007 pointing to the provision of the trust instruments that purportedly excused the trustee from providing an accounting.[2] In response to requests for discovery regarding the trust, Defendants replied consistently that the request:

stands as an attempt to obtain information in the nature of inventories, appraisals, reports or accounts which, pursuant to the provisions of the Trust Instrument are not required to be provided "any court or any beneficiary" and that the beneficiary may not seek through litigation or discovery to obtain that to which he/she is not otherwise entitled pursuant to the provisions of the Trust Instrument.

Defendants filed a motion for a protective order on 14 March 2008 "on the grounds that by reason of the provisions of the Trust Instrument, the discovery sought herein may not be had." The motion requested a ruling on Defendants' prior motion for declaratory judg-

---

2. The pleading was styled "Answer, Affirmative Defenses, Third Party Complaint and Motion." The Third Party Complaint was dismissed 25 July 2008 and is not at issue here. Defendants amended their responsive pleading on 7 November 2007 to include a counterclaim requesting declaratory judgment on the issue of Defendants' obligations under the Trust.

ment to determine the beneficiaries' right to demand an accounting. Plaintiffs' counsel filed an affidavit stating that Plaintiffs were totally unable to oppose Defendants' motion "[a]s a result of the refusal of the Defendants to fully and completely answer and respond to the Plaintiffs' discovery." A hearing was held 7 April 2008 on Defendants' motion. The trial court subsequently issued an order granting Defendants' motion for a protective order and partial declaratory judgment. The trial court included in its findings of fact that:

13. Under the North Carolina Uniform Trust Code ("NCTC"), no aspect of a Trustee's duty to inform beneficiaries is mandatory. (*See*, N.C. Gen. Stat. § 36C-1-105). The legislative commentary to N.C. Gen. Stat. § 36C-8-813 supports the conclusion that a settlor, in this case Defendant Settlor Wilson, Jr., may override, or negate, the requirement of disclosure to the Beneficiary Plaintiffs in this matter by drafting a provision in the Trust Instrument providing that such disclosures are not required. *Id.*

14. The Defendant Settlor Wilson, Jr. has done precisely this.

15. By reason of the operation of Article 2.10 of the Wilson Trust Instrument, and considered in view of N.C. Gen. Stat. § 36C-1-105, Plaintiffs are not entitled to have Defendants provide them with the information they seek in discovery or give an accounting or make reports with any Court or to the Plaintiffs/Beneficiaries.

The trial court included in its conclusions of law that:

2. The disclosure and trust accounting provisions in N.C. Gen. Stat. § 36C-8-813 apply to all trustees unless the same are negated, or over-ridden by the express provisions of the trust instrument themselves. *See*, N.C. Gen. Stat. § 36C-1-105 *et seq.*

. . . .

4. By reason of the operation of the Trust Instrument, and considered in view of N.C. Gen. Stat. § 36C-1-105, the Plaintiffs are not entitled to have the Defendants give an accounting or make reports with any Court or to the Plaintiffs/Beneficiaries, and are accordingly, not required to provide the information sought by the Plaintiffs in discovery.

5. The Wilson Trust Instrument eliminates the requirement that Trustee Defendant Wilson, Sr., provide trust accounting information of the nature and type requested by Plaintiffs, as Article 2.10 of the Wilson Trust Instrument does not require such disclosure.

**WILSON v. WILSON**

[203 N.C. App. 45 (2010)]

Plaintiffs filed notice to appeal the order to this Court on 18 September 2008, but no record was filed and the appeal was never docketed. On 22 October 2008 Defendants filed a motion for summary judgment. That motion stated "Plaintiffs have admitted that they cannot support the allegations contained in their Second and Third Claims for Relief without the accounting sought in their First Claim for Relief." The trial court granted Defendants' motion for summary judgment on 12 January 2009.

Plaintiffs now appeal the trial court's orders on Defendants' motion for a protective order and partial declaratory judgment, and summary judgment and the award of costs to Defendants.

I.

**[1]** As an initial matter, we must determine the extent to which this Court may consider Plaintiffs' appeal. Defendants argue that this Court may not hear Plaintiffs' appeal regarding the protective order and partial declaratory judgment as Plaintiffs' first appeal of that order was (1) interlocutory and (2) Plaintiffs failed to perfect that appeal. Neither of these bases supports Defendants' position.

Both parties agree that Plaintiffs' appeal of the protective order was interlocutory when it was first filed. *See Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."). Interlocutory orders are generally not immediately appealable to this Court. *Hudson-Cole Dev. Corp. v. Beemner*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999). An exception to this rule exists, however, where the challenged order affects a substantial right that would be lost without immediate review. *Embler v. Embler*, 143 N.C. App. 162, 165, 545 S.E.2d 259, 261 (2001).

Defendants argue—and we agree—that the appeal sought from the protective order did not affect a substantial right. *See Dworsky v. Insurance Co.*, 49 N.C. App. 446, 447, 271 S.E.2d 522, 523 (1980) ("It has been held that orders denying or allowing discovery are not appealable since they are interlocutory and do not affect a substantial right"). The appeal was therefore not immediately appealable when Plaintiffs first filed notice of appeal.

It does not follow, however, that it must be dismissed now. Indeed, a party's "rights . . . are fully and adequately protected by an exception to the order which may then be assigned as error on ap-

peal should final judgment in the case ultimately go against it." *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 344 (1978). The order granting Defendants summary judgment is a final judgment. Thus Plaintiffs' present appeal of the protective order is not interlocutory.

Defendants also argue that this Court may not hear Plaintiffs' appeal of the protective order because Plaintiffs failed to file the record and docket the case when the appeal was initially taken. This argument misconstrues our precedent.

*McGinnis v. McGinnis*, 44 N.C. App. 381, 261 S.E.2d 491 (1980), and *Woods v. Shelton*, 93 N.C. App. 649, 379 S.E.2d 45 (1989), established the rule that a party's "failure to timely perfect [an] appeal constitutes an abandonment of the appeal." *Woods*, 93 N.C. App. at 652, 379 S.E.2d at 47. The operative word here is *timely*. As we have recognized above, Plaintiffs could timely file appeal of the protective order only after a final judgment had been rendered. Plaintiffs' aborted attempt to file an interlocutory appeal does not estop them from filing an appeal at the appropriate time.

Defendants acknowledge that the order for summary judgment was a final judgment and properly appealed. The validity of the prior protective order is involved in that judgment, as this Court could not meaningfully review the order for summary judgment without also reviewing the grounds upon which it is based. Consequently, Plaintiffs' appeal of the protective order as well as the order for summary judgment is properly before this Court.

II.

[2] Plaintiffs argue that the trial court erred in granting Defendants' protective order and partial declaratory judgment and in granting Defendants' motion for summary judgment. Summary judgment is proper when a party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009); *Integon Indem. Corp. v. Universal Underwriters Ins. Co.*, 131 N.C. App. 267, 270, 507 S.E.2d 66, 68 (1998). "[O]n review of a declaratory judgment action, we apply the standards used when reviewing a trial court's determination of a motion for summary judgment." *Hejl v. Hood, Hargett & Associates, Inc.*, —— N.C. App. ——, ——, 674 S.E.2d 425, 427-28 (2009). "We review a trial court's order for summary judgment de novo to determine . . . whether either party is 'entitled to judgment as a matter of law.' *Robins v. Town of Hillsborough*, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c)).

**WILSON v. WILSON**

[203 N.C. App. 45 (2010)]

The basic issue here is whether the trial court erred in its interpretation of the North Carolina Uniform Trust Code ("N.C. Trust Code"). The N.C. Trust Code "applies to any express trust, private or charitable, with additions to the trust, wherever and however created." N.C. Gen. Stat. § 36C-1-102 (2009). Section 36C-1-105 provides:

> (b) The terms of a trust prevail over any provision of this Chapter except:
>
> . . . .
>
> (2) The duty of a trustee to act in good faith and in accordance with the terms and purposes of the trust and the interests of the beneficiaries.
>
> . . . .
>
> (9) The power of the court to take any action and exercise any jurisdiction as may be necessary in the interests of justice.

N.C. Gen. Stat. § 36C-1-105 (2009). The N.C. Trust Code thus recognizes that a trustee has a mandatory duty to act in good faith and that the terms of the trust cannot prevail over the power of the court to act in the interests of justice. The N.C. Trust Code also recognizes that a trustee generally has a duty to account for the trust property to the beneficiaries. Section 36C-8-813 provides:

> a) The trustee is under a duty to do all of the following:
>
> (1) Provide reasonably complete and accurate information as to the nature and amount of the trust property, at reasonable intervals, to any qualified beneficiary who is a distributee or permissible distributee of trust income or principal.
>
> (2) In response to a reasonable request of any qualified beneficiary:
>
> a. Provide a copy of the trust instrument.
>
> b. Provide reasonably complete and accurate information as to the nature and amount of the trust property.
>
> c. Allow reasonable inspections of the subject matter of the trust and the accounts and other documents relating to the trust.

N.C. Gen. Stat. § 36C-8-813 (2009).[3]

---

3. "Qualified beneficiary" is defined at N.C. Gen. Stat. § 36C-1-103(15). Defendants do not argue on appeal that Plaintiffs are not qualified beneficiaries.

The North Carolina Commentary on this statute explains that "[t]his section departs significantly from the Uniform Trust Code." N.C. Gen. Stat. § 36C-8-813 North Carolina Commentary (2009). The commentary goes on to state that the drafters omitted those portions of the Uniform Trust Code that would require the trustee to keep qualified beneficiaries reasonably informed about the trust adminis-tration. The drafters instead inserted the rule from section 173 of the Restatement (Second) of Trusts (1959) requiring the trustees to give beneficiaries certain information upon request and to permit the beneficiaries to inspect trust documents. This is not, however, listed as a mandatory rule that prevails over the terms of the trust instru-ment. *See* N.C. Gen. Stat. § 36C-1-105. The commentary concludes from this that:

> The settlor is free to override the provisions of subsections (a) and (b) regarding the information to be furnished to the benefi-ciaries by directing the trustee not to provide a beneficiary with any of the information otherwise required. This approach is con-sistent with the statement in the *Taylor* decision [*Taylor v. Nationsbank Corp.*, 125 N.C. App. 515, 481 S.E.2d 358 (1997)] where the court said that "trust beneficiaries are entitled to view the trust instrument from which their interest is derived" so long as that right is not waived by the settlor through "an explicit pro-vision in the trust instrument to the contrary". The mandatory rules in Section 105(b)(8) and (9) of the Uniform Trust Code would have prevented a settlor from overriding the provisions of Section 813(a) and (b)(2) and (3) of the Uniform Trust Code. The drafters omitted these mandatory rules and decided not to apply any such rule to the provisions of subsections (a) and (b) of this section. *See* the North Carolina Comment to G.S. 36C-1-105.

N.C. Gen. Stat. § 36C-8-813 North Carolina Commentary (2009). The North Carolina Comment to section 36-1-105 elaborates on the drafter's decision:

> Whether and to what extent the settlor by the terms of the trust could prevent a beneficiary from receiving trust information was one of the more debatable issues of the Uniform Trust Code. The drafters concluded that in North Carolina the settlor should have the right to override any duty to furnish information imposed by G.S. 36C-8-813(a) and (b). Accordingly, the drafters decided not to impose a mandatory rule with respect to these provisions. This is consistent with the statement in *Taylor v. NationsBank*, 125 N.C. App. 515, 521, 481 S.E.2d 358, 362 (1997) where the court

said that "trust beneficiaries are entitled to view the trust instrument from which their interest is derived" so long as that right is not waived by the settlor through "an explicit provision in the trust to the contrary."

N.C. Gen. Stat. § 36-1-105 North Carolina Commentary (2009).

In ruling on Defendants' request for a protective order, the trial court found that "[t]he legislative commentary to N.C. Gen. Stat. § 36C-8-813 supports the conclusion that a settlor . . . may override, or negate, the requirement of disclosure to the Beneficiary . . . by drafting a provision in the Trust Instrument providing that such disclosures are not required." In ruling on Defendants' motion for summary judgment, another trial court relied on this legal conclusion. The validity of this conclusion with regard to Plaintiffs' request for discovery is now at issue.

The N.C. Trust Code commentary cites *Taylor v. NationsBank* as supporting the assertion that the settlor is free to override the provisions of § 36C-8-813 regarding a trustee's duty to provide trust information to the beneficiary. *See* N.C. Gen. Stat. § 36C-8-813 North Carolina Commentary (2009). It is true that *Taylor* held "that absent an explicit provision in the trust to the contrary, plaintiffs as trust beneficiaries are entitled to view the trust instrument from which their interest is derived." *Taylor*, 125 N.C. App. at 521, 481 S.E.2d at 362. But this holding by its terms applies only to the beneficiaries' entitlement to view *the trust instrument*.

*Taylor* reached this result by applying the rule in comment c of section 173 of the Restatement (Second) of Trusts: "the beneficiary is always entitled to such information as is reasonably necessary to enable him to enforce his rights under the trust or to prevent or redress a breach of trust." *Id.* The *Taylor* Court held that the information plaintiffs sought, namely documents relating to the trust instrument including prior revoked drafts of the trust, was not reasonably necessary to enforce the plaintiffs rights. *Id.* Such is not the case here.

Applying the same rule to the present circumstances, we conclude that the information sought by Plaintiffs is reasonably necessary to enable them to enforce their rights under the trust. N.C. Gen. Stat. § 36C-8-813 does not override the duty of the trustee to act in good faith, nor can it obstruct the power of the court to take such action as may be necessary in the interests of justice. N.C. Gen. Stat. § 36C-1-105(b)(2), (9) (2009). Such action would clearly encompass

the power of the court to compel discovery where necessary to enforce the beneficiary's rights under the trust or to prevent or redress a breach of trust, any contrary provision in the trust instrument notwithstanding. *See Wachovia Bank v. Willis*, 118 N.C. App. 144, 147, 454 S.E.2d 293, 295 (1995) ("It is a fundamental rule that, when interpreting wills and trust instruments, courts must give effect to the intent of the testator or settlor, *so long as such intent does not conflict with the demands of law and public policy*.") (emphasis added).

This result, required by the rule in *Taylor*, is consistent with how other jurisdictions have approached this question. "Any notion of a trust without accountability is a contradiction in terms." *Guardianship and Conservatorship of Sim*, 403 N.W.2d 721, 736 (Neb. 1987), *appeal dismissed, Sim v. Comiskey*, 484 U.S. 940, 98 L. Ed. 2d 351 (1987). As the Oregon Supreme Court stated:

> If a fiduciary can be rendered free from the duty of informing the beneficiary concerning matters of which he is entitled to know, and if he can also be made immune from liability resulting from his breach of the trust, equity has been rendered impotent. The present instance would be a humiliating example of the helplessness into which courts could be cast if a provision, placed in a trust instrument through a settlor's mistaken confidence in a trustee, could relieve the latter of a duty to account. Such a provision would be virtually a license to the trustee to convert the fund to his own use and thereby terminate the trust.

> . . . .

> . . . We are, however, prepared to adopt the point of view of the Restatement that a trust instrument may lawfully relieve a trustee from the necessity of keeping formal accounts. When such a provision is found in a trust instrument, a beneficiary can not expect to receive reports concerning the trust estate. *But even when such a provision is made a part of the trust instrument, the trustee will, nevertheless, be required in a suit for an accounting to show that he faithfully performed his duty and will be liable to whatever remedies may be appropriate if he was unfaithful to his trust.*

*Wood v. Honeyman*, 169 P.2d 131, 164-66 (Or. 1946) (emphasis added).

In this case, we hold that the trial court erred by relying on the commentary to our statutes, which is not binding. *See State v. Rupe*,

109 N.C. App. 601, 613-14, 428 S.E.2d 480, 488 (1993). Applying the rule in *Taylor*, we hold that the information sought by Plaintiffs was reasonably necessary to enforce their rights under the trust, and therefore could not legally be withheld, notwithstanding the terms of the trust instrument. Any other conclusion renders the trust unenforceable by those it was meant to benefit. We therefore reverse the trial court's grant of summary judgment and award of costs to Defendants. *See Tate Terrace Realty Investors, Inc. v. Currituck County*, 127 N.C. App. 212, 224, 488 S.E.2d 845, 852, *disc. review denied*, 347 N.C. 409, 496 S.E.2d 394 (1997) (reversing the taxing of costs to respondents where costs were imposed in consequence of the trial court's erroneous decision on the merits).

Reversed.

Judge CALABRIA concurs

Judge ELMORE dissents in a separate opinion.

ELMORE, Judge, dissenting.

Although I agree with the majority that principles of equity support the transparency of dealings by a trustee with the funds entrusted to him, I also believe that North Carolina law permits private parties to create trust instruments such as those at issue here. I also believe that plaintiffs never perfected their appeal as to the protective order in this case, thus depriving this Court of jurisdiction over that matter. As such, I respectfully dissent.

In 1992, Lawrence A. Wilson, Jr. (defendant Wilson, Jr.), established two irrevocable trusts for each of his two children, Lawrence A. Wilson, III, and Leigh M. Wilson (plaintiffs). The trust instruments creating the two trusts were identical; each named as trustee Lawrence A. Wilson, Sr. (defendant Wilson, Sr.), and each contained the following clause:

> The Trustee shall not be required by any law, rule or regulation to prepare or file for approval any inventory, appraisal or regular or periodic accounts or reports with any court or beneficiary, but he may from time to time present his accounts to an adult beneficiary or a parent or guardian of a minor or incompetent beneficiary.

In March 2007, plaintiffs' attorney contacted defendant Wilson, Sr., to request an accounting of the trust. To that date, no distribution of trust income had been made to plaintiffs. In July 2007, defendant Wilson, Sr., provided a breakdown that, per plaintiffs, showed that many of the assets in the trust had been liquidated and transferred or invested in companies owned by defendant Wilson, Sr.

On 28 September 2007, plaintiffs initiated this suit, alleging breach of fiduciary duty by defendant Wilson, Sr., and requesting, among other things, a full and complete accounting of the trust assets and investments. On 7 November 2007, defendants filed complaints containing counterclaims and a motion for declaratory judgment regarding their obligations to provide responses to discovery in light of the provisions of the trust instruments. After several rounds of interrogatories and requests for production of documents, on 14 March 2008, defendants filed a motion for a protective order on the grounds that the trust instrument negated their obligations to provide such information. On 25 August 2008, the trial court entered an order granting defendants' motions for a protective order and for partial declaratory judgment; specifically, in that order, the trial court held that plaintiffs need not provide requested information to defendants based on the terms of the trust instrument. Plaintiffs filed notice of appeal regarding this order on 18 September 2008.

On 22 October 2008, defendants filed a motion for summary judgment. That motion was granted by the trial court by an order entered 13 January 2009. Plaintiffs filed notice of appeal regarding this order on 26 January 2009.

Thus, two orders are at issue here: First is the order granting the motion for partial declaratory judgment and a protective order, entered on 25 August 2008; second is the summary judgment order, entered on 26 January 2009.

As to the first, as mentioned, plaintiffs entered notice of appeal on 18 September 2008; however, at no time did they file a record for that case with this Court. This omission constitutes a failure to perfect their appeal on this order, and, as such, this Court should not hear arguments on that order. N.C. R. App. Proc. 11, 12 (2009); *see McGinnis v. McGinnis*, 44 N.C. App. 381, 386-87, 261 S.E.2d 491, 494-95 (1980); *Woods v. Shelton*, 93 N.C. App. 649, 652-53, 379 S.E.2d 45, 46-47 (1989).

The majority states that *McGinnis* and *Woods* do not prevent this Court from hearing arguments on the protective order because no

issue of timeliness exists regarding plaintiffs' filing of their appeal. My concern, however, is not with the timeliness of their filing; rather, it is with their failure to perfect the appeal at all, regardless of timing. While it is true that "[p]laintiffs' aborted attempt to file an interlocutory appeal does not estop them from filing an appeal at the appropriate time[,]" this does not negate the fact that plaintiffs initiated an appeal on that order, then never filed a record in support of it. This Court should not now allow plaintiffs to state that the record before us in this case, related to the appeal of a separate order, is also in support of a separate former appeal. Nor does the fact that that order is closely related to the summary judgment properly before us bestow upon us the authority to consider the validity of that former order.

Plaintiffs did perfect their appeal as to the second order. As to it, plaintiffs argue that the trial court erred in granting summary judgment to defendants because two genuine issues of material fact existed—namely, the alleged breach of fiduciary duty by defendant Wilson, Sr., and the distribution by defendant Wilson, Sr., of the income of the trusts.

In its order granting summary judgment to defendants, the trial court cited the following sources that informed its ruling: the 25 August 2008 order by the Honorable Phyllis Gorham; from defendants, discovery responses from plaintiffs and a memorandum of law in support of the motion; from plaintiffs, an affidavit from John M. Martin; and arguments from both defendants and plaintiffs.

The 25 August 2008 order is the order mentioned above ruling on defendants' motion for protective order and partial declaratory judgment. In that order, the court noted the following language (quoted above) from the trust instruments at issue:

> The Trustee shall not be required by any law, rule or regulation to prepare or file for approval any inventory, appraisal or regular or periodic accounts or reports with any court or beneficiary, but he may from time to time present his accounts to an adult beneficiary or a parent or guardian of a minor or incompetent beneficiary.

It also made the following findings of fact:

> 11. Pursuant to Article 2.10[ of the Trust Instruments], the Trustee is not required to disclose the information sought by Plaintiffs in discovery.

* * *

13. Under the North Carolina Uniform Trust Code ("NCTC"), no aspect of a Trustee's duty to inform beneficiaries is mandatory. (*See*, N.C. Gen. Stat. § 36C-1-105). The legislative commentary to N.C. Gen. Stat. § 36C-8-813 supports the conclusion that a settlor, in this case Defendant Settlor Wilson, Jr., may override, or negate, the requirement of disclosure to the Beneficiary Plaintiffs in this matter by drafting a provision in the Trust Instrument providing that such disclosures are not required. *Id.*

14. The Defendant Settlor Wilson, Jr.[,] has done precisely this.

15. By reason of the operation of Article 2.10 of the Wilson Trust Instrument, and considered in view of N.C. Gen. Stat. § 36C-1-105, Plaintiffs are not entitled to have Defendants provide them with the information they seek in discovery or give an accounting or make reports with any Court or to the Plaintiffs/Beneficiaries.

The court then made conclusions of law including the following:

5. The Wilson Trust Instrument eliminates the requirement that Trustee Defendant Wilson, Sr., provide trust accounting information of the nature and type requested by Plaintiffs, as Article 2.10 of the Wilson Trust Instrument does not require such disclosure.

6. The Wilson Trust Instrument eliminates the requirement that Trustee Defendant Wilson, Sr., provide trust accounting information of the nature and type referenced repetitively by Plaintiffs in the Complaint.

The affidavit by John M. Martin, plaintiffs' attorney, that the trial court references describes the necessity of discovery for developing the facts of their case:

12. Having access to the information and documents regarding the investment history of the assets comprising the Children's Trust, currently in the exclusive possession and control of Defendants, is essential to Plaintiffs' ability to develop the facts respecting and, in turn, their theory of the case regarding their claim for relief for breach of fiduciary duty. In turn, being in possession of information and documents responsive to and informing Plaintiffs' breach of fiduciary duty claim will further develop their claim seeking the removal of Wilson, Sr.[,] as Trustee of the Children's Trust. Without this discovery, Plaintiffs cannot develop the facts necessary to establish that a genuine issue of material fact exists regarding their claims for breach of fiduciary duty and seeking removal of Wilson, Sr.[,] as Trustee.

13. As a result of the refusal of the Defendants to fully and completely answer and respond to the Plaintiffs' discovery, Plaintiffs are not in a position and are totally unable to oppose the Defendants' Motion to Dismiss, Motion for Partial Summary Judgment, and Motion for Declaratory Judgment.

In sum, then, according to the 25 August 2008 order of the trial court as well as the affidavit of the plaintiffs' own attorney, plaintiffs cannot produce evidence to support their contentions unless defendants comply with their discovery requests. Because such compliance is a duty specifically removed from defendants as trustees, then, we must agree with the trial court that there is no genuine issue of a material fact, and, as a matter of law, summary judgment should be granted to defendants.

The majority relies heavily on *Taylor v. Nationsbank Corp.*, 125 N.C. App. 515, 481 S.E.2d 358 (1997), for its conclusion that trust beneficiaries are entitled to whatever documents are necessary to enforce their rights under the trust. *Taylor* in fact concerns *only* the disclosure of the terms of a trust agreement. *Id.* at 521, 481 S.E.2d at 362. The holding of that case is stated clearly by the Court: "We hold that absent an explicit provision in the trust to the contrary, plaintiffs as trust beneficiaries are entitled to view the trust instrument from which their interest is derived." *Id.* I do not consider that this holding reverses all other aspects of the North Carolina Trust Code, particularly its clear authorization for parties to construct their own terms. *See* N.C. Gen. Stat. § 36C-1-105 (2009) (stating "[t]he terms of a trust prevail over any provision of this Chapter except" for a handful of exceptions).

Plaintiffs' arguments to this Court—with which the majority agrees—rely on the law regarding fiduciary obligations of a trustee, particularly that "[w]hen a fiduciary relationship exists between parties to a transaction, equity raises a presumption of fraud when the superior party obtains a possible benefit." *Watts v. Cumberland County Hosp. Sys.*, 317 N.C. 110, 116, 343 S.E.2d 879, 884 (citation omitted), *rev'd on other grounds*, 317 N.C. 321, 345 S.E.2d 201 (1986). While this is true of a claim for breach of fiduciary duty, this does not negate the fact that such a claim in this case can only be supported by information that the trust instruments themselves state need not be produced. Thus, I believe that this Court must affirm the trial court's grant of defendants' motion for summary judgment.