An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-859

Filed 20 August 2025

New Hanover County, Nos. 23E000732-640, 23E000733-640

IN THE MATTER OF THE RICHARD B. SMITH FAMILY TRUST under Agreement dated August 24, 1998, as amended.

IN THE MATTER OF THE DIXEY A. SMITH TRUST dated August 24, 1998, as restated and amended.

Appeal by respondent from order entered 29 January 2024 by Judge John E. Nobles Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 21 May 2025.

> *The Armstrong Law Firm, PA, by L. Lamar Armstrong, III, for respondent-appellant.*

> *Ward & Smith, P.A., by Jenna F. Butler and Mary V. Cavanagh, for petitioners-appellees.*

GORE, Judge.

This matter comes before the Court on appeal from an order of the Superior Court, New Hanover County, which affirmed the clerk of court's denial of respondent Scott Smith's demand for additional trust documentation related to the Dixey A.

Smith Trust and the Richard B. Smith Family Trust. The appeal arises from a special proceeding initiated by the co-trustees, petitioners Lindsay Smith and Lani Smith Lawrence, to facilitate the funding of sub-trusts following the death of their mother, Dixey A. Smith. Respondent's sole contention on appeal is that the trial court erred in refusing to compel the co-trustees to provide extensive financial documentation beyond the annual accountings already rendered.

Jurisdiction over this appeal is proper under N.C.G.S. § 7A-27(b)(1). The order appealed from constitutes a final disposition of the accounting issue raised by respondent.

**I.**

Richard and Dixey Smith created two revocable trusts in 1998: the Dixey A. Smith Trust and the Richard B. Smith Family Trust. After Richard's death in 2013, Dixey served as sole trustee of both trusts until her death on 10 January 2022. Upon her death, her daughters, Lindsay Smith and Lani Smith Lawrence, became co-trustees.

Both trust instruments direct the remaining assets to be divided into four equal sub-trusts for the Smith children. Lindsay and Lani submitted the required tax identification numbers ("TINs") to UBS Financial Services to facilitate funding of their sub-trusts. Scott and his brother Cary refused, citing concerns about trust disbursements.

Scott and Cary then demanded "each and every" financial statement, tax

return, check copy, and related documentation for both trusts from January 2020 onward—and reserved the right to demand earlier records. The co-trustees responded by producing detailed annual and interim accountings for the period they served, covering January 2022 through January 2024. These accountings included beginning and ending balances, categorized receipts such as dividends and interest, itemized disbursements including trustee fees, legal and administrative expenses, and distributions to beneficiaries. The reports also disclosed realized gains and losses from investments and provided a detailed inventory of trust assets with valuations at the close of each reporting period.

The clerk of superior court denied Scott's demand as overbroad and beyond the scope of the trustees' obligations. The superior court affirmed.

## II.

The sole issue on appeal is whether the trial court erred in affirming the clerk's denial of respondent's demand for additional trust documentation beyond the annual accountings provided by the co-trustees of the Dixey A. Smith Trust and the Richard B. Smith Family Trust. Respondent contends that, as a qualified beneficiary, he is entitled under N.C.G.S. § 36C-8-813(a)(2) to inspect a wide range of trust-related records upon reasonable request, including checks, receipts, tax returns, wire transfers, and other documents dating back several years. The trial court concluded that the trustees had satisfied their obligations under both the terms of the trust agreements and applicable law. We agree with the trial court's determination.

North Carolina's Trust Code, codified in Chapter 36C of the General Statutes, provides that the terms of the trust generally govern its administration, subject to limited statutory exceptions. *See* N.C.G.S. § 36C-1-105(a) (2023). Section 36C-8-813, which addresses a trustee's duty to report and respond to requests for information, is not one of the enumerated exceptions in subsection (b). Accordingly, the settlors of the Dixey and Richard Trusts were permitted to modify or limit the trustees' obligations under § 813(a)(2) through the terms of the trust instruments. The accounting and reporting duties of the trustees in this case are therefore governed first and foremost by the terms of the trust agreements.

Appellant contends a trust must explicitly waive the disclosure obligations in § 36C-8-813(a)(2) in order to limit a beneficiary's right to request additional information. However, the Trust Code imposes no such requirement. Section 36C-1-105 allows trust terms to override default provisions unless expressly prohibited, and § 813 is not among the mandatory provisions listed in subsection (b). Accordingly, where, as here, the trust instruments specify the scope of reporting required—namely, annual accountings—no further waiver or disclaimer language is needed to displace the broader default duties of § 813(a)(2).

Here, the Dixey Trust and the Richard Trust each require the trustees to provide annual accounts to qualified beneficiaries upon request. The record shows that the co-trustees, following the death of the original trustee, Dixey Smith, furnished Scott with annual and interim accounting reports for the periods from 10

January 2022 through 31 January 2024. These reports itemized trust receipts, disbursements, principal balances, and gains or losses. Respondent does not allege these reports were false, misleading, or substantively deficient under the trust agreements. Instead, he argues they were insufficient under § 813(a)(2) because they did not include underlying source documents such as receipts, invoices, or tax filings.

Even assuming § 813(a)(2) applies notwithstanding the trust terms, the statute entitles beneficiaries only to "reasonably complete and accurate information" about the trust property. § 36C-8-813(a)(2)(b). The trustees' reports satisfy this standard. As noted, they disclose the nature, value, and movement of trust assets in sufficient detail to apprise a beneficiary of the trust's financial condition. Respondent has failed to articulate how the information provided is inadequate for him to understand or enforce his rights under the trust.

Moreover, respondent's requests were not limited in scope or tethered to any allegation of trustee misconduct. His demand sought "each and every financial statement, account statement, tax return, check copy, wire request, receipt, invoice, and other disbursement or distribution documentation" from 1 January 2020 through the date of filing—and reserved the right to seek additional documents for prior periods. Yet respondent does not challenge any particular transaction or accuse the trustees of mismanagement. Instead, he asks this Court to recognize an expansive right of inspection untethered to need or context—effectively granting all beneficiaries the ability to conduct open-ended audits of trust history. Such a rule is

inconsistent with the structure of the North Carolina Trust Code and the deference it affords to settlors' chosen terms. *See* § 36C-1-105(b).

Finally, respondent's reliance on *Wilson v. Wilson*, 203 N.C. App. 45 (2010), is unavailing. That case involved a superior court action for breach of fiduciary duty in which the trustee refused to respond to discovery requests or disclose any trust information. *Id.* at 47–48. In *Wilson*, we held that such disclosures could not be withheld in the face of an active claim of misconduct. *Id.* at 55. By contrast, no such claims have been asserted here. Respondent expressly disclaims any allegation of breach or bad faith. His requests were not made as part of discovery or litigation but as part of a summary trust administration proceeding before the clerk. The factual and procedural distinctions between this case and *Wilson* are dispositive.

For these reasons, the trial court correctly determined that the trustees complied with their duties under both the governing trust agreements and applicable law. The request for additional documentation exceeded what is required by statute and was properly denied.

We have considered all of appellant's arguments and conclude that none establish error by the trial court or demonstrate a failure by the trustees to comply with their obligations under the Trust Code or the governing trust instruments.

**III.**

For the reasons stated herein, the trial court correctly determined that the co-trustees fulfilled their disclosure obligations under the governing trust agreements

and applicable provisions of the North Carolina Trust Code.  The Trusts expressly require only annual accountings, and the record establishes that the co-trustees provided detailed reports covering the full period of their administration.  Respondent has not shown that the information provided was inadequate or that the co-trustees acted in bad faith.  His demand for expansive historical documentation, untethered to any allegation of breach or wrongdoing, exceeds the bounds of a reasonable request under § 36C-8-813(a)(2).

Accordingly, the order of the trial court is affirmed.


AFFIRMED.

Judges ZACHARY and FREEMAN concur.

Report per Rule 30(e).