An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-293

Filed 19 November 2025

Wake County, No. 20CVD006936-910

STEVEN WETHERINGTON, Plaintiff,

v.

EMBER SEAMAN, Defendant.

Appeal by defendant from order entered 24 September 2024 by Judge Margaret P. Eagles in Wake County District Court. Heard in the Court of Appeals 30 October 2025.

> *Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for the defendant-appellant.*

> *Parker Bryan Britt Tanner & Jenkins, PLLC, by Alicia D. Jurney, for the non-party-appellee.*

TYSON, Judge.

Ember Catherine Seaman ("Mother" or "Defendant") appeals from a protective order entered 24 September 2024 quashing Defendant's subpoenas and purportedly restricting Defendant's speech regarding the parents' former appointed parenting coordinator. We hold Mother has waived her first argument and affirm the trial

court's order.

## I.    Background

Mother and Steve Neal Wetherington ("Father") are parents of two children, who were six and fifteen years old at time the order on appeal was entered, and are parties to ongoing custody proceedings in Wake County District Court.  Pursuant to a 2021 Consent Custody Order, the parties shared joint custody of their children.  The trial court appointed a Parenting Coordinator ("PC"), Amy Britt, to assist in the implementation of custody orders on 26 September 2023.  The PC issued a directive on 7 December 2023 requiring the parties to communicate through Our Family Wizard ("OFW"), which is a digital platform used to track and record parental communications.

Before the PC was appointed, Father had filed a motion to modify custody and child support, and for Mother to undergo a psychological evaluation, a substance abuse assessment, and to be drug tested.  After the PC was appointed, Mother also filed motions for modification of custody, attorney's fees, and modification or termination of the PC.

The parties entered into a Consent Modification Order granting Mother sole legal and primary physical custody of the children and terminating the PC's appointment on 9 April 2024.  Mother filed a Motion for Order to Show Cause in June 2024, alleging Father had enlisted third parties to impersonate him in messages on the OFW platform, violating prior directives.  The trial court issued an Order to

Appear and Show Cause against Father.

Mother subsequently served two subpoenas on the former PC and sought communications between the PC and Father. The PC objected to the subpoenas and alleged no legitimate purpose. Mother filed answers to the PC's objections and submitted a third subpoena. The PC filed a Motion for Protective Order on 17 September 2024, and alleged the subpoenas contained baseless, derogatory allegations against the former PC, the subpoenas were improper, and Mother had made libelous online reviews about the former PC and her law firm.

The matter was heard on 24 September 2024. That same day, the trial court entered a Protective Order: (1) prohibiting Mother from issuing subpoenas to the former PC; (2) quashing the subpoenas she had already filed; (3) prohibiting Mother from having contact with the former PC or any agent or staff member from PC's law firm; (4) prohibiting Mother from naming or referring to the PC in any online or public forum; and, (5) directing Mother to promptly remove and permanently delete all online reviews or comments referencing PC and PC's law firm.

Mother filed a *pro se* notice of appeal of the protective order on 2 October 2024. Mother filed an amended notice of appeal through counsel on 17 October 2024.

## II.    Jurisdiction

A discovery protective order is an interlocutory order. *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999); *Wilson v. Wilson*, 203 N.C. App. 45, 49, 690 S.E.2d 710, 713 (2010). "An interlocutory order is one made during the pendency of

an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950).

Ordinarily no right of appeal arises from an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). Exceptions to no appellate review of an interlocutory order may exist when: (1) the trial court certifies under Rule 54(b) there is no just reason for delay, or, (2) the order affects a substantial right, which would be lost absent immediate review. *Larsen v. Black Diamond French Truffles, Inc.*, 241 N.C. App. 74, 77-78, 772 S.E.2d 93, 96 (2015); N.C. Gen. Stat. § 1A-1, Rule 54(b) (2023).

Here, Mother's appeal of a discovery protective order challenges a restriction on future speech concerning the actions of and Mother's opinions concerning the PC. Such a prohibition implicates First Amendment rights. This Court has previously held depravation of First Amendment rights affect a substantial right. *Sherrill v. Amerada Hess Corp.*, 130 N.C. App. 711, 719, 504 S.E.2d 802, 807 (1998) ("An order implicating a party's First Amendment rights affects a substantial right."); *see also Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559, 49 L. Ed. 2d 683, 697 (1976) ("The thread running through all these cases is that prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights."). This Court possesses jurisdiction over the 24 September 2024 Protective Order.

Conversely, this Court does not possess jurisdiction over Mother's second argument on appeal. Mother argues the trial court erred by quashing Mother's subpoenas against the PC because the "judge at the protective motion hearing had no authority to undercut the first judge's determination there was probable cause as to Mother's allegations."

The trial court's show cause order was not a final order, is interlocutory, and is not properly before this Court on appeal. *Wolfe v. Wolfe*, 67 N.C. App. 752, 753, 314 S.E.2d 132, 134 (1984) ("Finally and most importantly, since an *ex parte* [show cause order] is not a final order, it is interlocutory and is not directly appealable."). This order was not also certified by the trial court as immediately appealable under Rule 54(b). *See Larsen*, 241 N.C. App. at 77-78, 772 S.E.2d at 96; N.C. Gen. Stat. § 1A-1, Rule 54(b) (2023).

### III.   Issues

Mother argues the trial court violated her First Amendment rights by ordering removal of her online posts and prohibiting future references online concerning the former PC and her law firm. She also argues the trial court's findings of fact are not supported by competent evidence.

### IV.   Unpreserved Argument

Mother argues the trial court's protective order is an unconstitutional prior restraint on her First Amendment rights for the first time on appeal. Mother did not raise this argument before the trial court, and her arguments were not preserved for

appellate review. N.C. R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."). "It is well settled that an error, even one of constitutional magnitude, that defendant does not bring to the trial court's attention is waived and will not be considered on appeal." *State v. Bursell*, 372 N.C. 196, 199, 827 S.E.2d 302, 305 (2019) (quoting *State v. Bell*, 359 N.C. 1, 28, 603 S.E.2d 93, 112 (2004)). Mother's First Amendment argument is unpreserved and waived.

## V. Findings of Fact

Mother argues the following findings of fact are not supported by competent evidence:

> 5. Pursuant to N.C. Gen. Stat. Section 50-98, Ms. Britt timely filed objections/to each of the foregoing requests for the Court's issuance of Defendant's subpoenas for PC records. Based upon the former PC's objections, the Court finds that "requiring the production of the PC records sought by Defendant's subpoena(s) serves no legitimate purpose, will further heighten the anger and distrust between these parties, and will further impede the parties' already limited capacity to communicate and cooperate in the care of their children."
>
> . . . .
>
> 7. The Court finds that Defendant's subpoena(s) were lodged for an improper purpose, namely, to harass the former [PC] in that, more specifically, despite the end of the PC appointment, Defendant has not ceased her

repeated and disruptive attempts to communicate with the former PC and/or her office regarding demands for information and documentation, most of which is already in her possession.

8. Defendant has contacted Ms. Britt's and/or her law firm, Parker Bryan Family Law, repeatedly by e-mail and telephone for no legitimate purpose. For example, in July 2024, Defendant emailed the former Parenting Coordinator and/or her staff at least (4) times and called her office at least nine (9) times within a single day despite previously being informed by Ms. Britt that she would not communicate with Defendant directly while she is represented by counsel and had instructed her staff not to communicate with Defendant directly while she is represented by counsel.

9. Defendant has directly, and indirectly through third parties, posted false and defamatory statements referencing the former Parenting Coordinator and/or her law firm in public forums and online based upon her involvement in this case, which further subjects the former PC to unreasonable annoyance and harassment.

. . . .

12. Defendant's multiple attempts to subpoena former Parenting Coordinator's records for no legitimate purpose, posting and/or instructing third parties to post negative online reviews or comments concerning the Parenting Coordinator's involvement in this case, and her repeated attempts to contact the former Parenting Coordinator and her staff by telephone and email despite the end of the PC appointment, subjects the former Parenting Coordinator to unreasonable annoyance, harassment, oppression, and undue burden and expense.

13. The entry of a Protective Order is appropriate, within the inherent authority of the Court, and necessary to protect the Court's processes, the administration of justice, and the former Parenting Coordinator from the

> unreasonable annoyance, harassment, oppression, undue
> burden and expense caused by Defendant's actions.

The trial court's findings are supported by competent evidence in the record, including: Father's Motion for Sanctions detailing Mother's harassment of PC and other officers of the court; PC's detailed Motion for Protective Order; the accusations against Former PC contained in Mother's answers; and, Mother's statements to the trial court during the hearing on 24 September 2024. The absence of those posts in the record on appeal is Mother's fault, as it is her duty to produce the record on appeal.

Although Mother argued her online statements about Former PC were true at the 24 September 2024 hearing, she acknowledged posting the statements. Former PC submitted to the trial court a copy of a review posted by Mother as an example of the online statements Mother had published about the Former PC. Former PC characterized the statements Mother had made about her online as "horrible," "derogatory," and intended to harm the former PC's law firm. Former PC also submitted to the trial court a "bizarre" Halloween card Mother had purportedly sent to the former PC's law partner. While these documents were not formally admitted into evidence, they were submitted to the trial court for review and discussed by former PC and the parties during the 24 September 2024 hearing without objection. *See Beck v. Beck*, 163 N.C. App. 311, 313, 593 S.E.2d 445, 447 (2004) (holding the trial court properly considered as evidence documents that were not formally admitted but

were "widely discussed" by the party taking exception to their consideration on appeal).

Mother did not include a copy of the review she had posted online about former PC or the Halloween card to former PC's law partner in the record on appeal. As the appellant, Mother had the burden of ensuring the record included all documents necessary for an understanding of the issues she raised on appeal. *See Fox v. Fox*, 283 N.C. App. 336, 354-55, 873 S.E.2d 653, 667 (2022). "An appellate court is not required to, and should not, [pre]sume error by the trial judge when none appears on the record before the appellate court." *State v. Williams*, 274 N.C. 328, 333, 163 S.E.2d 353, 357 (1968). Mother's argument is without merit and is overruled.

## VI. Conclusion

Mother failed to preserve and has waived review of any arguments asserting the interlocutory Protective Order purportedly violated her First Amendment rights. The trial court's show cause order is not a final order, is interlocutory, and is not properly before this Court on appeal. The trial court's findings of fact in the 24 September 2024 Protective Order are supported by competent evidence. The trial court's order is affirmed. *It is so ordered.*

AFFIRMED.

Judges WOOD and FREEMAN concur.

Report per Rule 30(e).